**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>               Plaintiff-Relator,<br><br>    v.<br><br>ISAAC LAUFER, *et al.*,<br><br>              Defendants. | No. 17 Civ. 9424 (CS) |

| |
|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ISSAC LAUFER, *et al.*,<br><br>              Defendants. |

# REPLY MEMORANDUM IN FURTHER SUPPORT OF PARAGON MANAGEMENT SNF LLC'S MOTION TO DISMISS

Aaron Lichtman
The Lichtman Law Firm
56 Westchester Avenue
Pound Ridge, NY 10576
Phone: 516-570-9998
Fax: 516-570-3434
ALitchman@LichtmanL.com

Paragon Management SNF LLC ("Paragon"), through its counsel, respectfully submits this reply Memorandum of Law in Further Support of Paragon Management SNF LLC's Motion to Dismiss the Complaint.

## Introduction

Following the filing of a Complaint by a professional relator, and after three years of its independent investigation, searching through hundreds of thousands of documents; interviewing presumably dozens, if not hundreds of potential witnesses, deposing Laufer and Whitney for many hours, with the assistance and resources of a professional relator and its counsel, the Government filed a Complaint-in-Intervention that at first blush, looks like a long and full work.  Upon the closer examination required by Rules 8 and 9(b), including noting that over two hundred pages are blank forms, it becomes clear that the Complaint should be dismissed in its entirety and specifically as to Paragon.

Each of the Facilities at issue has its own provider agreement with CMS; a unique NPI number Compl. at ¶15-25 and "each of the Facilities was overseen by [its] administrator", not by Whitney, Paragon or Laufer. Compl. at ¶51  "The Facility's MDS coordinator and the directors of rehabilitation, … reported to the administrator" for the Facility at issue. Compl. at ¶51  Laufer had no ownership in one of the facilities during any relevant period of time. Compl. at ¶12 Laufer had no ownership interest in Quantum or Surge until at least 2016 Compl. at ¶50 and no ownership interest in Marquis prior to 2018. Compl. at ¶50. (approximately five years after the single alleged fraudulent submission)  In the majority of facilities, Laufer was an investor who shared fractional ownership with various unnamed other investors without uniformity. There is no common

holding company, parent, or identity of interest alleged across the facilities at issue.
Compl. at ¶12  The facilities, let alone Paragon, are not alleged to lack any formality of
corporate structure.  Paragon previously pointed out that Health Care Facilities cannot
delegate management responsibilities to others in New York. Memorandum of Law In
Support of Paragon Management SNF LLC's Motion to Dismiss the Complaint at p. 5-6
Even according to the Government's most positive spin, "Paragon exists to provide
support for Facilities and consolidate cross-Facility operations such as payroll," not to
direct or control anyone or any entity. Compl. at ¶13

In totality, the claims asserted against Paragon are inconsistent with the facts
alleged in the Pleadings. The Government essentially states that the amount of therapy
provided has nothing to do with Paragon, its owners or employees.  "Prior to the
commencement of skilled therapy in any discipline, a therapist certified in that discipline
must evaluate the patient and develop a treatment plan that is approved by a physician."
Compl. at ¶47  "[A] medical practitioner must certify on a continuing basis that services
are required because the individual needs skilled services…" Compl. at ¶33 "the services"
must be "ordered by a physician." Compl. at ¶37 "Medicare requires a physician or certain
other practitioners certify that…conditions are met at the time of a patient's
admission…and recertify…no later than the fourteenth day…and additional
recertifications …at intervals not exceeding 30 days." Compl. at ¶38  Doctors and
therapist determine the amount of therapy provided—not Paragon.

Paragon, like Defendants Laufer and Whitey is not alleged to have submitted any
false claims (only the facilities are accused). They are not alleged to have prescribed
therapy (no named defendants prescribed therapy or certified the same as necessary).

Paragon is not alleged to have provided therapy (only licensed therapist can provide therapy and then only as prescribed by a physician--none of whom are alleged to have been directed or employed by Paragon).  Paragon is likewise not alleged to have participated in any way in the preparation, submission and/or execution of any certifications to the Government.

Paragon has already suffered the significant cost and burden of three years of Governmental investigation.  Because of the grand nature of the allegations (nine years and eleven facilities) Paragon will likewise be required to spend millions of dollars in defense costs and be further stigmatized by the accusation that it engaged in fraud.  The Government was given three years, prior to intervention, to fully investigate the facts and the Professional Relators had time prior to that.  If the Government did not have sufficient evidence it should not have brought a claim against Paragon.  The Government was also given the opportunity by Your Honor to amend its pleadings after the Defendants voiced concerns with the pleading insufficiency.  The Government declined to amend even after it was pointed out that the Government did not mention one of the named Defendants in any substantive section of the Complaint.

## ARGUMENT

Rather than burden the Court with what would be a largely repetitive argument, it respectfully adopts the arguments set forth in the Reply In Support of Motion to Dismiss on behalf of the 11 Independent Facility Defendants, Reply Memorandum in Support of Isaac Laufer's Motion to Dismiss, and Defendant Tami Whitney's Reply Memorandum in Support of Defendant's Motion to Dismiss.

**CONCLUSION**

Wherefore, Paragon respectfully requests that the Complaint be dismissed with prejudice.

Respectfully submitted,

Dated:  February 18, 2022          By: */s/ Aaron Lichtman*

Aaron Lichtman
LICHTMAN LAW
56 Westchester Avenue
Pound Ridge, NY 10576
Phone: (516) 570-9998
FAX: (516) 570-3434
*ALichtnman@LichtmanL.com*

*Counsel for Defendant Paragon Management
SNF LLC*

5