**THE LICHTMAN LAW FIRM**

P.O. Box 370
56 Westchester Avenue
Pound Ridge, New York 10576

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC, <br><br> Plaintiff, <br><br> v. <br><br> ISAAC LAUFER, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, and FOREST MANOR CARE CENTER, INC., <br><br> Defendants. | **17 Civ. 9424 (CS)** <br><br> **ANSWER TO COMPLAINT-IN-INTERVENTION OF THE UNITED STATES OF AMERICA** <br><br> **On behalf of Paragon Management SNF LLC** |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISSAC LAUFER, TAMI WHITNEY, PARAGON MANAGEMENT SNF LLC, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE CENTER LLC, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, FOREST MANOR CARE CENTER, INC., SURGE REHABILITATION & NURSING LLC, and QUANTUM REHABILITATION & NURSING LLC, <br><br> Defendants. | |

Defendant Paragon Management SNF LLC ("Defendant") for its Answer to the Complaint-in-Intervention of the United States of America (the "Complaint"), responds as follows:

## PRELIMINARY STATEMENT

1.      Defendant denies all allegations set forth in Paragraph 1.

2.      Defendant denies all allegations set forth in Paragraph 2 as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.

3.      Defendant denies all allegations set forth in Paragraph 3 as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.

4.      Defendant denies all allegations set forth in Paragraph 4 as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.

5.      Defendant denies all allegations set forth in Paragraph 5 as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.

6.      Defendant denies having submitted any false claims. Defendant denies all other allegations set forth in Paragraph 6 as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

7.      Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not challenge jurisdiction of this Court over the subject matter of this Complaint.

8.      Paragraph 8 contains conclusions of law to which no response is required.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendant does not challenge venue as to itself and states no opinion as to the other Defendants.

## THE PARTIES

10.     Defendant admits that Plaintiff is the United States of America based upon information from a company that serves as a professional relator as opposed to a person with actual knowledge. Defendant further admits that the Medicare Part A program is largely administered by CMS. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 10 of the Complaint and on that basis denies the allegations contained in this paragraph.

11.     Defendant admits that Relator Integra Med Analytics LLC filed an action pursuant to the FCA but denies the truth of the allegations contained therein or in Paragraph 11 as to its alleged conduct. Defendant denies that Integra Med Analytics LLC specializes in anything but trying to financially benefit from filing actions against parties with whom it is unfamiliar and is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 11 of the Complaint and on that basis denies the allegations contained in this paragraph.

12.     Defendant denies that Isaac Laufer "Operates" facilities as it understands that term as it is in contravention of its belief and on that basis denies the allegations contained in this paragraph.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 12 of the Complaint and on that basis denies the allegations contained in this paragraph.

13.     Defendant admits that it is a limited liability company owned by Defendant Isaac Laufer and the Administrators "manage the day-to-day operations of the Facilities".  Defendant denies that Laufer manages the facilities through Paragon.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 13 of the Complaint and on that basis denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that Tami Whitney is an employee of Paragon and holds a title as a Paragon employee.   The remaining allegations are vague, argumentative and taken as a whole untrue; accordingly, Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 15 of the Complaint and on that basis denies the allegations contained in this paragraph.

16.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 16 of the Complaint and on that basis denies the allegations contained in this paragraph.

17.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 17 of the Complaint and on that basis denies the allegations contained in this paragraph.

18.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 18 of the Complaint and on that basis denies the allegations contained in this paragraph.

19.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 19 of the Complaint and on that basis denies the allegations contained in this paragraph.

20.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 20 of the Complaint and on that basis denies the allegations contained in this paragraph.

21.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 21 of the Complaint and on that basis denies the allegations contained in this paragraph.

22.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 22 of the Complaint and on that basis denies the allegations contained in this paragraph.

23.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 23 of the Complaint and on that basis denies the allegations contained in this paragraph.

24.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 24 of the Complaint and on that basis denies the allegations contained in this paragraph.

25.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 25 of the Complaint and on that basis denies the allegations contained in this paragraph.

## THE FALSE CLAIMS ACT

26.     Paragraph 26 lacks allegations to which response is required.  To the extent response is required, Defendant is without sufficient knowledge to form a belief as to the allegations and on that basis denies the same.

27.     Paragraph 27 contains conclusions of law to which no response is required. To the extent response is required, deny that the legal argument set forth by Plaintiff in its Complaint is complete, or taken, as a whole accurate.

28.     Paragraph 28 contains conclusions of law to which no response is required. To the extent response is required, deny that the legal argument set forth by Plaintiff in its Complaint is complete, or taken, as a whole, accurate.

29.     Paragraph 29 contains conclusions of law to which no response is required. To the extent response is required, deny that the legal argument set forth by Plaintiff in its Complaint is complete, or taken, as a whole accurate.

30.     Paragraph 30 contains conclusions of law to which no response is required. To the extent response is required, deny that the legal argument set forth by Plaintiff in its Complaint is complete, or taken, as a whole accurate.

## MEDICARE REIMBURSEMENT FOR SNF CARE

31.     Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, admit Medicare is supposed to exist to benefit individuals 65 and

older and those with certain disabilities. Also, admit that CMS is a primary administrator of the program.  Denies that pursuing an action against the Defendants is consistent with the foregoing, and Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 31 of the Complaint and on that basis denies allegations contained in the paragraph.

32.      Paragraph 32 contains conclusions of law to which no response is required. To the extent an answer is required, admit that providers submit claims and CMS in turn pays provider or denies such claims. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 32 of the Complaint and on that basis denies the allegations contained in this paragraph.

33.      Paragraph 33 contains conclusions of law to which no response is required. To the extent an answer is required, the Statute indicates that it permits billing for that which is "reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member" and therefor denies the allegations in Paragraph 33 of the Complaint.

34.      Paragraph 34 contains conclusions of law to which no response is required. To the extent an answer is required, the statute cited reads " The Secretary shall periodically determine the amount which should be paid under this part to each provider of services with respect to the services furnished by it, and the provider of services shall be paid, at such time or times as the Secretary believes appropriate (but not less often than monthly) and prior to audit or settlement by the Government Accountability Office, from the Federal Hospital Insurance Trust Fund, the amounts so determined, with necessary adjustments on account of previously made overpayments or underpayments; except that no such payments shall be made to any provider unless it has furnished such information as the Secretary may request in order to determine the amounts due

such provider under this part for the period with respect to which the amounts are being paid or any prior period."

35.     Paragraph 35 contains conclusions of law to which no response is required. To the extent and answer is required, Paragon denies that it submitted any Medicare enrollment application and Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 35 of the Complaint and on that basis denies the allegations contained in this paragraph.

36.     Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that it provided, or billed for, inpatient, or any other care, provided to Medicare Residents. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 36 of the Complaint and on that basis denies the allegations contained in this paragraph.

37.     Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Paragon respectfully refers to the complete statute and definitional section of a rule, which is cited incorrectly to include a paragraph that does not exist.  The inference set forth in Paragraph 37 likewise appear to be in conflict with the allegations contained in Paragraph 42.

38.     Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Paragon respectfully refers to the complete statute and manual cited for their contents.

39.     Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, Paragon respectfully refers to the full content of the rule and all other

relevant statutes rules and directives and affirmatively set forth that the Paragraph omits the following language contained within the rule cited:

"A condition that does not ordinarily require skilled services may require them because of special medical complications. Under those circumstances, a service that is usually nonskilled (such as those listed in § 409.33(d)) may be considered skilled because it must be performed or supervised by skilled nursing or rehabilitation personnel. For example, a plaster cast on a leg does not usually require skilled care. However, if the patient has a preexisting acute skin condition or needs traction, skilled personnel may be needed to adjust traction or watch for complications. In situations of this type, the complications, and the skilled services they require, must be documented by physicians' orders and nursing or therapy notes." And "The restoration potential of a patient is not the deciding factor in determining whether skilled services are needed. Even if full recovery or medical improvement is not possible, a patient may need skilled services to prevent further deterioration or preserve current capabilities. For example, a terminal cancer patient may need some of the skilled services described in § 409.33."

Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 39 of the Complaint and on that basis denies the allegations contained in this paragraph.

40.     Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, deny the allegations/argument contained in the first sentence and respectfully refers to the full content of the rule and all other relevant statutes rules and directives for their content as well as the Jimmo settlement entered into by the government in 2011 which appears to be in direct conflict with the allegations of Paragraph 40.

41.     Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required admit that reimbursement was based at least in part on the assessed skilled needs of a resident. Upon information and belief this was part to encourage and reward the provision of care to people that Medicare was intended to help. Deny that reimbursement was based on cost associated with care of a specific resident and defendant is without knowledge to

form a belief as to the remaining allegations in Paragraph 41 of the Complaint and on that basis denies the allegations contained in this paragraph.

42.     Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 42 of the Complaint and on that basis denies the allegations contained in this paragraph.

43.     Paragraph 43 contains conclusions of law to which no response is required. To the extent that a response is required respectfully refer to the totality of the Federal Regulations and the full content of the rule and all other relevant statutes rules and directives. Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 43 of the Complaint and on that basis denies the allegations contained in this paragraph.

44.     Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, defendant respectfully refers to the totality of the Federal Regulations and the full content of the rule and all other relevant statutes rules and directives and set forth that the allegations in Paragraph 44 are seemingly inconsistent with Footnote #3.  Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 44 of the Complaint and on that basis denies the allegations contained in this paragraph.

45.     Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 45 of the Complaint and on that basis denies the allegations contained in this paragraph.

46.     Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, deny Paragon submitted any MDS form, HIPPS codes, CMS Form

– 1450, or submitted any claims to Medicare Administrative Contractors and/or Medicare. Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 46 of the Complaint and on that basis denies the allegations contained in this paragraph.

47.    Paragraph 47 contains conclusions of law to which no response is required. Admit that a therapist must evaluate, and a Physician must approve treatment decisions and that Defendant was during all relevant times neither a therapist nor a Physician or otherwise treating residents. Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 47 of the Complaint and on that basis denies the allegations contained in this paragraph.

48.    Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, admit that CMS changed its payment model in October of 2019 and that CMS had access to and was evaluating utilization statistics during the relevant period. Upon information and belief, CMS was also aware that its contractor/agents were systematically denying claims that should have been paid and settled an action relating thereto during the relevant period. Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 48 of the Complaint and on that basis denies the additional allegations contained in this paragraph.

49.    Paragraph 49 contains conclusions of law to which no response is required. To the extent a response admit that in October 2019, CMS changed its reimbursement model and there were a multitude of reasons cited for that change.  Defendant is without knowledge to form a belief as to the remaining allegations in Paragraph 49 of the Complaint and on that basis denies the allegations contained in this paragraph.

## FACTUAL BACKGROUND

50.    Defendant admits that it is owned by Isaac Laufer.  Defendant denies that Laufer "operated" Paragon on a day-to-day basis. Defendant is without sufficient knowledge to form a

9

belief as to the remaining allegations in Paragraph 50 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

51.     Defendant admits the Facilities were overseen by an administrator and that the Facility department heads including "the director of rehabilitation" reported to the administrator. Defendant further admits, Whitney was a Paragon employee and did not regularly report to Laufer but to others.  Deny Whitney oversaw rehabilitation therapy for any facility and that Laufer "operates each of the eleven Facilities through Paragon" as Defendant understands the vague, ambiguous, and argumentative allegation.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 51 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

52.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 52 of the Complaint and on that basis denies the allegations contained in this paragraph except admits that Facilities made decisions as to whether to admit residents.

53.     Denied.

54.     Defendant denies it has any Facility Administrators.  Denied Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 54 of the Complaint and on that basis denies the allegations contained in this paragraph.

55.     Defendant denies that Paragon had any Facilities and have no knowledge consistent with any allegations concerning inappropriate pressure.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 55 of the Complaint and on that basis denies the allegations contained in this paragraph.

56.      Defendant denies that Whitney "often" attended discharge meetings for each of the eleven facilities at issues during the nine plus years at issue or is alleged and has no knowledge

consistent with any allegation concerning inappropriate pressure. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 56 of the Complaint and on that basis denies the allegations contained in this paragraph.

## DEFENDANTS' FRAUDULENT CONDUCT

57.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 57 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

58.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 58 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

59.     Defendant denies that it managed any facilities. Defendant denies participating in any scheme to submit false claims or act contrary to resident needs. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 59 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

I.     **Defendants Prolonged Patients' Stays at the Facilities Without Regard to Their Clinical Needs in Order to Maximize Medicare Reimbursement**

60.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs. Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 60 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits that Laufer is not a clinician and Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 62 of the Complaint and on that basis denies the allegations contained in this paragraph.

63.     Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 63 of the Complaint and on that basis denies the allegations contained in this paragraph.

64.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 64 of the Complaint and on that basis denies the allegations contained in this paragraph.

65.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 65 of the Complaint and on that basis denies the allegations contained in this paragraph.

66.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 66 of the Complaint and on that basis denies the allegations contained in this paragraph.

67.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 67 of the Complaint and on that basis denies the allegations contained in this paragraph.

68.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 68 of the Complaint and on that basis denies the allegations contained in this paragraph.

69.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 69 of the Complaint and on that basis denies the allegations contained in this paragraph.

70.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 70 of the Complaint and on that basis denies the allegations contained in this paragraph.

71.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 71 of the Complaint and on that basis denies the allegations contained in this paragraph.

72.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 72 of the Complaint and on that basis denies the allegations contained in this paragraph.

73.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is

without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 73 of the Complaint and on that basis denies the allegations contained in this paragraph.

74.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 74 of the Complaint and on that basis denies the allegations contained in this paragraph.

75.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 75 of the Complaint and on that basis denies the allegations contained in this paragraph.

76.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 76 of the Complaint and on that basis denies the allegations contained in this paragraph.

77.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 77 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

78.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 78 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

79.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 79 of the Complaint and on that basis denies the allegations contained in this paragraph.

80.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 80 of the Complaint and on that basis denies the allegations contained in this paragraph.

81.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 81 of the Complaint and on that basis denies the allegations contained in this paragraph.

82.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 82 of the Complaint and on that basis denies the allegations contained in this paragraph.

83.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 83 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

84.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is

without sufficient knowledge to form a belief as to the allegations in Paragraph 84 of the Complaint and on that basis denies the allegations contained in this paragraph.

## II.    Defendants Put Patients in Higher Levels of Therapy Than Was Justified Based on Their Clinical Needs in Order to Maximize Medicare Reimbursement

85.    Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 85 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

86.    Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 86 of the Complaint and on that basis denies the allegations contained in this paragraph.

87.    Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 87 of the Complaint and on that basis denies the allegations contained in this paragraph.

88.    Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegation in Paragraph 88 of the Complaint and on that basis denies the allegations contained in this paragraph.

89.    Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 89 of the Complaint and on that basis denies the allegations contained in this paragraph.

16

90.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 90 of the Complaint and on that basis denies the allegations contained in this paragraph.

91.       Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 91 of the Complaint and on that basis denies the allegations contained in this paragraph.

92.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 92 of the Complaint and on that basis denies the allegations contained in this paragraph.

93.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 93 of the Complaint and on that basis denies the allegations contained in this paragraph.

## **DEFENDANTS' PRACTICES LED TO THE SUBMISSION OF FALSE CLAIMS AND FALSE STATEMENTS TO MEDICARE**

94.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 94 of the Complaint and on that basis denies the allegations contained in this paragraph.

95.      Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Paragraph 95 also

contains a legal conclusion for which no response is required. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 95 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

96.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 96 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

97.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme relating to Resident A-I.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 97 of the Complaint and on that basis denies the allegations contained in this paragraph.

98.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme. Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 98 of the Complaint and on that basis denies the allegations contained in this paragraph.

99.     Defendant denies participating in making false statements material to false claims submitted to Medicare Part A or knowledge that other Defendants engaged in such conduct. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 99 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

## DEFENDANTS' FRAUDULENT CONDUCT WAS MATERIAL
## TO CMS'S PAYMENT DECISIONS

100.     Paragraph 100 contains conclusions of law to which no response is required and refers to the entire statutes, rules, regulations and other documentation. For example, the statutory section cited reads,  "reasonable and necessary for the diagnosis or treatment of illness or injury <u>or to improve the functioning of a malformed body member</u>" but the Complaint only sets forth a sentence fragment which materially alters the meaning.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 100 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

101.     Paragraph 101 contains conclusions of law to which no response is required. Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 101 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

102.     Defendant denies participating in any scheme to submit false claims or act contrary to resident needs or knowledge that other Defendants engaged in such a scheme.  Paragraph 102 contains legal conclusions for which no response is required. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 102 of the Complaint and on that basis denies the allegations contained in this paragraph contain conclusions of law to which no response is required.

103.     Defendant admits that CMS is permitted to audit, review statistics and that there are many other agencies charged with reviewing such statistics and/or with audit and/or investigatory function. Paragraph 103 contains conclusions of law to which no response is

19

required.   Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 103 of the Complaint and on that basis denies the allegations contained in this paragraph.

104.   Defendant admits that the Government has brought lawsuits during the time at issue and that Lifecare was the largest settlement on record. Defendant denies the relevance of the lifecare case as there was no judgment on the merits; Lifecare was approximately twenty times lager by facility count than the number of facilities at issue here, and the settlement it is an anomaly as most settlements are believed to settle for less than the anticipated cost of litigation.  Defendant is without sufficient knowledge to form a belief as to the allegations in Paragraph 104 of the Complaint and on that basis denies the allegations contained in this paragraph.

105.   Defendant denies the relevance of the Southern SNF, Rehab Services In Motion matter and notes that the settlement amount was omitted from this paragraph as it was not in the same stratosphere as Lifecare.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 105 of the Complaint and on that basis denies the allegations contained in this paragraph.

## COUNT I

### Violation of the FCA: Presentation of False Claims for Payment
### (31 U.S.C. § 3729(a)(1)(A))

106.   Defendant incorporates by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

107.   Defendant denies that the Government is entitled to any of the relief requested, or to any relief against Defendant whatsoever.

108.    Defendant denies the allegations in Paragraph 108 of the Complaint.

109.   Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Denied that Defendant presented any claims for payment, let alone inappropriate payments. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 110 of the Complaint and on that basis denies the remaining allegations contained in this paragraph.

111.    Denied.

## COUNT II

### Violation of the FCA: Use of False Statements
### (31 U.S.C. § 3729(a)(1)(B))

112.    Defendant incorporates by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

113.    Defendant denies that the Government is entitled to any of the relief requested, or to any relief against Defendant whatsoever.

114.    Denied.

115.    Denied.

## COUNT III

### Unjust Enrichment

116.    Defendant incorporates by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

117.     Defendant denies the allegations asserted against it that are contained in Paragraph 117 of the Complaint. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 117 of the Complaint with regard to any other defendant, and on that basis denies the remaining allegations contained in this paragraph.

## COUNT IV

### Payment by Mistake of Fact

118.     Defendant incorporates by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

119.     Defendant denies that the Government is entitled to any of the relief requested, or to any relief against Defendant whatsoever.

120.     Defendant denies the government paid any monies to it. Defendant is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 120 of the Complaint with regard to any other defendant, and on that basis denies the remaining allegations contained in this paragraph.

121.     Denied.

## PRAYER FOR RELIEF

Defendant denies that the Government is entitled to any of the relief requested, or to any relief against Defendant whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c). Defendant undertakes the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Further, Defendant reserves the right to amend the Answer if additional affirmative defenses become apparent through the course of this action, and Defendant reserves the right to assert any and all defenses as to which it does not bear the burden of proof.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**THIRD DEFENSE**

The violations alleged by Plaintiff, if any, are the result of acts or omissions committed by third persons over whom Defendant had neither control nor responsibility, and whose actions or inactions cannot be imputed to Defendant.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, in part for lack of materiality.  The United States had actual or constructive knowledge of the relevant facts and/or claimed statistical anomalies, trends and effect of the reimbursement system and continued to pay claims for each Facility throughout the entire period.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the United States failed to mitigate any alleged damages after it had knowledge of relevant facts.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the doctrine of ratification.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the doctrine of unjust enrichment.

**EIGHT DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the purportedly false statements Plaintiff relies upon are not actionable statements of fact.

## TENTH DEFENSE

Penalties and treble damages authorized under the False Claims Act so exceed any actual loss incurred by the United States as a result of any claims paid, that the Act violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and therefore is void.

## ELEVENTH DEFENSE

The Complaint and each purported cause of action fails in whole or in part to state a claim on which relief can be granted to Plaintiff.

## TWELFTH DEFENSE

The Complaint and each purported cause of action set forth therein fails to comply with Federal Rule of Civil Procedure 9(b) in that the allegations are not stated with particularity.

## THIRTEENTH DEFENSE

Plaintiff claims are barred in whole or in part as the Defendant did not "knowingly" act in violation of the False Claims Act. Further, Defendant acted in good faith and not with any improper or illegal purpose, intent, or knowledge.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in compliance with, or authorized by, laws and regulations administered by any regulatory body or officer acting under statutory authority.

## FIFTEENTH DEFENSE

Even if true, which they are not, the Complaint's allegations of Defendant's conduct are insufficient to constitute a pattern of false payments across eleven facilities over almost ten years.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because they rely upon ambiguous provisions of the False Claims Act and other provisions of law, and the rule of lenity requires such ambiguities to be construed in Defendant's favor.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the Due Process clause of the United States Constitution in part because the rules and regulations claimed to have been violated and are not in a single location as demonstrated in part by the plethora of citations to differing sources contained in the Complaint, are not uniformly or consistently enforced or capable of or single interpretation. To the extent Defendant's actions are found to be in violation of the law, the law and the rules and regulations upon which the Plaintiff relies are too vague, unclear and/or contradictory to give Defendant's fair warning of the conduct prohibited.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because Defendant has not made, or caused to be made, any false claims for payment.

## NINETEENTH DEFENSE

An award of statutory or punitive damages would violate Defendant's rights to due process, and Plaintiff's claim for damages is thus barred by the Constitution of the United States.

Defendant reserves the right to amend this Answer to add further affirmative defenses and allege any counterclaims when they are discovered.

WHEREFORE, Defendant requests judgment:

1.      Dismissing the Complaint with prejudice;

2.      Denying all relief requested in the Complaint;

3.      Granting Defendant any appropriate costs and fees, including but not limited to attorneys' fees as authorized by 31 U.S.C. § 3730(d)(4) or any other applicable statute; and

4.      Granting such other relief, available at law or equity, as may be just and proper.

Dated: October 28, 2022                    Respectfully submitted,


*/s/ Aaron Lichtman*
Aaron Lichtman
THE LICHTMAN LAW FIRM
P.O. Box 370
56 Westchester Avenue
Pound Ridge, New York 10576
Tel: (914 232-1005
alichtman@lichtmanl.com

*Counsel for Paragon Management SNF, LLC*