UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>                            Plaintiff,<br><br>      v.<br><br>ISSAC LAUFER, TAMI WHITNEY, PARAGON MANAGEMENT SNF LLC, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE CENTER LLC, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, FOREST MANOR CARE CENTER, INC., SURGE REHABILITATION & NURSING LLC, and QUANTUM REHABILITATION & NURSING LLC,<br><br>                            Defendants. | Case No. 17 Civ. 9424 (CS) |

## **DEFENDANT TAMI WHITNEY'S ANSWER**

Defendant Tami Whitney answers the Complaint-In-Intervention of the United States of America dated June 2, 2021(the "Complaint") as follows:

      1.      Denied.

      2.      Denied.

      3.      Denied.

      4.      Denied.

      5.      Denied.

      6.      Denied.

7. Alleges legal conclusions to which no response is required.

8. Alleges legal conclusions to which no response is required.

9. Defendant Whitney lacks sufficient information to assess the truth of the factual allegations in this paragraph (hereinafter designated as "insufficient information"); and this paragraph includes allegations of legal conclusions to which no response is required.

10. Insufficient information, except admit that plaintiff is the United States.

11. Denied, except admit that Relator Integra Med Analytics LLC filed an action pursuant to the False Claims Act on December 1, 2017.

12. Insufficient information.

13. Insufficient information.

14. Denied, except admit that Whitney is an employee of Paragon and currently the Coordinator of Rehabilitation Services.

15. Insufficient information.

16. Insufficient information.

17. Insufficient information.

18. Insufficient information.

19. Insufficient information.

20. Insufficient information.

21. Insufficient information.

22. Insufficient information.

23. Insufficient information.

24. Insufficient information.

25. Insufficient information.

26. Alleges legal conclusions to which no response is required.

27. Alleges legal conclusions to which no response is required.

28. Alleges legal conclusions to which no response is required.

29. Alleges legal conclusions to which no response is required.

30. Alleges legal conclusions to which no response is required.

31. Alleges legal conclusions to which no response is required.

32. Alleges legal conclusions to which no response is required.

33. Alleges legal conclusions to which no response is required.

34. Alleges legal conclusions to which no response is required.

35. Alleges legal conclusions to which no response is required.

36. Alleges legal conclusions to which no response is required.

37. Alleges legal conclusions to which no response is required.

38. Alleges legal conclusions to which no response is required.

39. Alleges legal conclusions to which no response is required.

40. Alleges legal conclusions to which no response is required.

41. Alleges legal conclusions to which no response is required.

42. Alleges legal conclusions to which no response is required.

43. Alleges legal conclusions to which no response is required.

44. Alleges legal conclusions to which no response is required.

45. Alleges legal conclusions to which no response is required.

46. Alleges legal conclusions to which no response is required.

47. Alleges legal conclusions to which no response is required.

48. Alleges legal conclusions to which no response is required.

49. Alleges legal conclusions to which no response is required.

50. Insufficient information.

51. Denied.

52. Insufficient information.

53. Insufficient information.

54. Insufficient information.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Insufficient information.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied, except insufficient information with respect to allegations concerning unidentified therapists, employees and patients and a therapist "playing checkers."

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied, except insufficient information as to the unidentified patients in each of the subparagraphs.

98. Denied.

99. Denied.

100. Alleges legal conclusions to which no response is required, and otherwise denied.

101. Alleges legal conclusions to which no response is required, and otherwise denied.

102. Alleges legal conclusions to which no response is required, and otherwise denied.

103. Alleges legal conclusions to which no response is required.

104. Insufficient information.

105. Insufficient information.

## COUNT I
### Violation of the FCA: Presentation of False Claims for Payment
(31 U.S.C. § 3729(a)(1)(A))

106. No response required.

107. Alleges legal conclusions to which no response is required and otherwise denied that plaintiff is entitled to any relief.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## COUNT II
### Violation of the FCA: Use of False Statements
### (31 U.S.C. § 3729(a)(1)(B))

112. No response required.

113. Alleges legal conclusions to which no response is required and otherwise denied that plaintiff is entitled to any relief.

114. Denied.

115. Denied.

## COUNTS III and IV

116. No response is required to the allegations in paragraphs 116 through paragraph 121. These claims were dismissed as against this defendant.

## PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any legal damages or other relief as against her.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. Defendant undertakes no burden of proof with respect to any such defense, except as required by law.

## FIRST DEFENSE

With respect to this defendant, the Complaint fails in whole or part to state a claim on which relief can be granted and fails to plead with the particularity required by law, unlawfully prejudicing defendant's ability to defend this action.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or part by the doctrines of waiver, estoppel, unjust enrichment, quantum meruit, and/or unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or part because defendant acted at all times in good faith; her conduct was in compliance with and authorized by law; her conduct was in accord with reasonable interpretation of applicable laws and regulations; her conduct was in accord with the explanation of applicable federal programs by the relevant government and regulatory agencies and officers acting under statutory authority in public statements and guidelines; and/or her conduct complied with common practice in the industry accepted, sanctioned and/or ratified by plaintiff and/or relevant government agencies, officers or agents.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or part because the United States had actual or constructive knowledge of the relevant facts and/or otherwise ratified defendant's conduct.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or part because the United States failed to mitigate damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or part because its claims are based on ambiguous provisions of the False Claims Act and other provisions of law, and the rule of lenity requires such ambiguities to be construed in defendant's favor.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or part because they rely upon administrative provisions, rules, guidance, or adjudicatory decisions that do not comply with the requirements of *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019).

### NINTH DEFENSE

Plaintiff's claims are barred in whole or part by the Excessive Fines Clause of the Eighth Amendment and the Fifth and Fourteenth Amendments to the United States Constitution because the False Claims Act provides for penalties and treble damages that substantially exceed actual loss incurred by plaintiff and are vastly disproportionate to any misconduct for which this defendant may be held culpable.

### TENTH DEFENSE

Plaintiff's claims for an award of statutory or punitive damages are barred in whole or part because such an award would violate defendant's rights to due process guaranteed by the Constitution of the United States.

Defendant reserves the right to amend this pleading, including to add further affirmative defenses and to allege counterclaims, upon discovery of presently unknown facts.

WHEREFORE, defendant demands judgment:

1. Dismissing the Complaint with prejudice;
2. Denying all relief requested in the Complaint;
3. Granting defendant any appropriate costs and fees, including but not limited to attorneys' fees as authorized by 31 U.S.C. § 3730(d)(4) or any other applicable statute; and,
4. Granting such other relief, available at law or equity, as may be just and proper.

Dated: New York, New York
October 28, 2022

Respectfully submitted,

**GLENN AGRE BERGMAN & FUENTES LLP**

By: /s/ Michael Paul Bowen
Michael Paul Bowen (mbowen@glennagre.com)
Edward E. Shapiro (eshapiro@glennagre.com)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Tel: (212) 970-1600

*Attorneys for Defendant Tami Whitney*