TROUTMAN PEPPER HAMILTON SANDERS LLP

125 High Street
Boston, MA 02110

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ISAAC LAUFER, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, and FOREST MANOR CARE CENTER, INC.,<br><br>    Defendants. | **17 Civ. 9424 (CS)**<br><br>**ANSWER TO COMPLAINT-IN-INTERVENTION OF THE UNITED STATES OF AMERICA**<br><br>**On behalf of Long Island Care Center, Inc. and Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation** |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ISSAC LAUFER, TAMI WHITNEY, PARAGON MANAGEMENT SNF LLC, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE CENTER LLC, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, FOREST MANOR CARE CENTER, INC., SURGE REHABILITATION & NURSING LLC, and QUANTUM REHABILITATION & NURSING LLC,<br><br>    Defendants. | |

Defendants Long Island Care Center, Inc. ("LICC") and Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation ("Glen Cove") (collectively referred to as "Defendants") for its Answer to the Complaint-in-Intervention of the United States of America (the "Complaint"), responds as follows:

## PRELIMINARY STATEMENT

1.      Defendants deny the allegations against it contained in Paragraph 1 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 1 of the Complaint with regard to other defendants and on that basis deny the remaining allegations contained in this paragraph.

2.      Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 2 of the Complaint and on that basis deny the allegations contained in this paragraph.

3.      Defendants deny the allegations asserted against it contained in Paragraph 3 of the Complaint.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 3 of the Complaint with regard to other defendants and on that basis deny the remaining allegations contained in this paragraph.

4.      Defendants deny the allegations asserted against it contained in Paragraph 4 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 4 of the Complaint with regard to other defendants and on that basis deny the remaining allegations contained in this paragraph.

5.      Defendants deny the allegations asserted against it contained in Paragraph 5 of the Complaint.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 5 of the Complaint with regard to other defendants and on that basis deny the remaining allegations contained in this paragraph.

132743659v2

6.      Defendants deny the allegations asserted against it contained in Paragraph 6 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 6 of the Complaint with regard to other defendants and on that basis deny the remaining allegations contained in this paragraph

## JURISDICTION AND VENUE

7.      Paragraph 7 contains conclusions of law to which no response is required. Defendants admit, however, that this Court has jurisdiction over the subject matter of this Complaint.

8.      Paragraph 8 contains conclusions of law to which no response is required. Defendants admit, however, that this Court has personal jurisdiction over it.

9.      Paragraph 9 contains conclusions of law to which no response is required. Defendants admit, however, that venue is proper in this District.

## THE PARTIES

10.      Defendants admit that Plaintiff is the United States of America. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 10 of the Complaint and on that basis deny the allegations contained in this paragraph.

11.      Defendants admit that Relator Integra Med Analytics LLC filed an action pursuant to the FCA on December 1, 2017 but deny the truth of the allegations contained therein. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 11 of the Complaint and on that basis deny the allegations contained in this paragraph.

12.      Defendant LICC admits that it is owned by Defendant Issac Laufer's father together with other investors but denies that it is operated by Defendant Issac Laufer. Defendant Glen Cove admits that it is owned in whole or in part by Defendant Issac Laufer but denies that it is operated

2

by Defendant Issac Laufer. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 12 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

13.    Defendants deny that Paragon exercises authority over hiring and firing decisions with respect to its administrators.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 13 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

14.    Defendants deny that Whitney is involved in decisions regarding the provision of, and billing for, rehabilitation services at its facilities.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 14 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

15.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 15 of the Complaint and on that basis deny the allegations contained in this paragraph.

16.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 16 of the Complaint and on that basis deny the allegations contained in this paragraph.

17.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 17 of the Complaint and on that basis deny the allegations contained in this paragraph.

18.    Defendant LICC admits this allegation.

132743659v2

19.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 19 of the Complaint and on that basis deny the allegations contained in this paragraph.

20.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 20 of the Complaint and on that basis deny the allegations contained in this paragraph.

21.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 21 of the Complaint and on that basis deny the allegations contained in this paragraph.

22.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 22 of the Complaint and on that basis deny the allegations contained in this paragraph.

23.     Defendant Glen Cove admits this allegation.

24.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 24 of the Complaint and on that basis deny the allegations contained in this paragraph.

25.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 25 of the Complaint and on that basis deny the allegations contained in this paragraph.

## **THE FALSE CLAIMS ACT**

26.     Paragraph 26 contains conclusions of law to which no response is required.

27.     Paragraph 27 contains conclusions of law to which no response is required.

28.     Paragraph 28 contains conclusions of law to which no response is required.

4

29.     Paragraph 29 contains conclusions of law to which no response is required.

30.     Paragraph 30 contains conclusions of law to which no response is required.

## MEDICARE REIMBURSEMENT FOR SNF CARE

31.     Paragraph 31 contains conclusions of law to which no response is required.

32.     Paragraph 32 contains conclusions of law to which no response is required.

33.     Paragraph 33 contains conclusions of law to which no response is required.

34.     Paragraph 34 contains conclusions of law to which no response is required.

35.     Paragraph 35 contains conclusions of law to which no response is required.

36.     Paragraph 36 contains conclusions of law to which no response is required.

37.     Paragraph 37 contains conclusions of law to which no response is required.

38.     Paragraph 38 contains conclusions of law to which no response is required.

39.     Paragraph 39 contains conclusions of law to which no response is required.

40.     Paragraph 40 contains conclusions of law to which no response is required.

41.     Paragraph 41 contains conclusions of law to which no response is required.

42.     Paragraph 42 contains conclusions of law to which no response is required.

43.     Paragraph 43 contains conclusions of law to which no response is required.

44.     Paragraph 44 contains conclusions of law to which no response is required.

45.     Paragraph 45 contains conclusions of law to which no response is required.

46.     Paragraph 46 contains conclusions of law to which no response is required.

47.     Paragraph 47 contains conclusions of law to which no response is required.

48.     Paragraph 48 contains conclusions of law to which no response is required.

49.     Paragraph 49 contains conclusions of law to which no response is required.

## FACTUAL BACKGROUND

5

50.    Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 50 of the Complaint and on that basis deny the allegations contained in this paragraph.

51.    Defendants admit that its activities were overseen by an administrator who managed the day-to-day operations of Defendants. Defendants deny all other allegations asserted against it that are contained in Paragraph 51 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 51 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

52.    Defendants deny the allegations asserted against it that are contained in Paragraph 52 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 52 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

53.    Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 53 of the Complaint and on that basis deny the allegations contained in this paragraph.

54.    Defendants deny the allegations asserted against it that are contained in Paragraph 54 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 54 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

55.    Defendants deny the allegations asserted against it that are contained in Paragraph 55 of the Complaint.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 55 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

132743659v2

56.    Defendants admit that it held discharge meetings.  Defendants deny all other allegations against it contained in Paragraph 56 of the Complaint.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 56 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

## DEFENDANTS' FRAUDULENT CONDUCT

57.    Defendants deny the allegations asserted against it that are contained in Paragraph 57 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 57 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

58.    Defendants deny the allegations asserted against it that are contained in Paragraph 58 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 58 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

59.    Defendants deny the allegations asserted against it that are contained in Paragraph 59 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 59 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

**I.    Defendants Prolonged Patients' Stays at the Facilities Without Regard to Their Clinical Needs in Order to Maximize Medicare Reimbursement**

60.    Defendants deny the allegations asserted against it that are contained in Paragraph 60 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 60 of the Complaint with regard to other defendant facilities,

defendant Whitney, and defendant Laufer and on that basis deny the remaining allegations contained in this paragraph.

61.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 61 of the Complaint and on that basis deny the allegations contained in this paragraph.

62.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 62 of the Complaint and on that basis deny the allegations contained in this paragraph.

63.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 63 of the Complaint and on that basis deny the allegations contained in this paragraph.

64.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 64 of the Complaint and on that basis deny the allegations contained in this paragraph.

65.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 65 of the Complaint and on that basis deny the allegations contained in this paragraph.

66.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 66 of the Complaint and on that basis deny the allegations contained in this paragraph.

67.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 67 of the Complaint and on that basis deny the allegations contained in this paragraph.

68.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 68 of the Complaint and on that basis deny the allegations contained in this paragraph.

69.     Defendants deny the allegations asserted against it that are contained in Paragraph 69 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 69 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

70.     Defendants deny the allegations asserted against it that are contained in Paragraph 70 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 70 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

71.     Defendants deny the allegations asserted against it that are contained in Paragraph 71 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 71 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

72.     Defendants admit that patients have the ability to leave Defendants when they choose. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations asserted against it that are contained in Paragraph 73 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 73 of the Complaint with regard to other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

74.     Defendants deny the allegations asserted against it that are contained in Paragraph 74 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the

9

remaining allegations in Paragraph 74 of the Complaint with regard to the other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

75.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 75 of the Complaint and on that basis deny the allegations contained in this paragraph.

76.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 76 of the Complaint and on that basis deny the allegations contained in this paragraph.

77.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 77 of the Complaint and on that basis deny the allegations contained in this paragraph.

78.    Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 78 of the Complaint and on that basis deny the allegations contained in this paragraph.

79.    Defendants deny the allegations asserted against it that are contained in Paragraph 79 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 79 of the Complaint with regard to the other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

80.    Defendants deny the allegations asserted against it that are contained in Paragraph 80 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 80 of the Complaint with regard to the other defendant facilities and on that basis deny the remaining allegations contained in this paragraph.

81.    Denied.

82.     Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 82 of the Complaint and on that basis deny the allegations contained in this paragraph.

83.     Defendants deny the allegations asserted against it that are contained in Paragraph 83 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 83 of the Complaint with regard to the other defendant facilities, defendant Whitney and defendant Laufer, and on that basis deny the remaining allegations contained in this paragraph.

84.     Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 84 of the Complaint and on that basis deny the allegations contained in this paragraph.

## II.     Defendants Put Patients in Higher Levels of Therapy Than Was Justified Based on Their Clinical Needs in Order to Maximize Medicare Reimbursement

85.     Defendants deny the allegations asserted against it that are contained in Paragraph 85 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 85 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

86.     Defendants deny the allegations asserted against it that are contained in Paragraph 86 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 86 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

87.     Defendants deny the allegations asserted against it that are contained in Paragraph 87 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 87 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

88.     Defendant LICC denies the allegations asserted against it that are contained in Paragraph 88 of the Complaint. Defendant LICC is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 88 of the Complaint with regard to the other defendant facilities and on that basis denies the remaining allegations contained in this paragraph. Defendant Glen Cove is without sufficient knowledge to form a belief about an "employee of Glen Cove reported that patients were put on Ultra High therapy even if, due to their medical situation, they were unable to tolerate it," and on that basis denies the allegation.

89.     Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 89 of the Complaint and on that basis deny the allegations contained in this paragraph.

90.     Defendants deny the allegations asserted against it that are contained in Paragraph 90 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 90 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

91.     Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 91 of the Complaint and on that basis deny the allegations contained in this paragraph.

92.     Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 92 of the Complaint and on that basis deny the allegations contained in this paragraph.

93.     Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 93 of the Complaint and on that basis deny the allegations contained in this paragraph.

**DEFENDANTS' PRACTICES LED TO THE SUBMISSION OF
FALSE CLAIMS AND FALSE STATEMENTS TO MEDICARE**

94.     Defendants deny the allegations asserted against it that are contained in Paragraph 94 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the

12

remaining allegations in Paragraph 94 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

95.     Paragraph 95 contains a misplaced legal conclusion for which no response is required.  Defendants deny the allegations asserted against it that are contained in Paragraph 95 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 95 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

96.     Defendants deny the allegations asserted against it that are contained in Paragraph 96 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 96 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

97.     Defendants deny the allegations asserted against it that are contained in Paragraph 97 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 97 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

98.     Defendants deny the allegations asserted against it that are contained in Paragraph 98 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 98 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

99.     Defendants deny the allegations asserted against it that are contained in Paragraph 99 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 99 of the Complaint with regard to the other defendant facilities, and on that basis deny the remaining allegations contained in this paragraph.

132743659v2

**DEFENDANTS' FRAUDULENT CONDUCT WAS MATERIAL
TO CMS'S PAYMENT DECISIONS**

100.    Paragraph 100 contains conclusions of law to which no response is required. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 100 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

101.    Paragraph 101 contains conclusions of law to which no response is required. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 101 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

102.    Defendants deny any alleged practice "of billing for therapy that was not reasonable or necessary." The remaining allegations of Paragraph 102 contain conclusions of law to which no response is required.

103.    Paragraph 103 contains conclusions of law to which no response is required.

104.    Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 104 of the Complaint and on that basis deny the allegations contained in this paragraph.

105.    Defendants are without sufficient knowledge to form a belief as to the allegations in Paragraph 105 of the Complaint and on that basis deny the allegations contained in this paragraph.

**COUNT I**

**Violation of the FCA: Presentation of False Claims for Payment
(31 U.S.C. § 3729(a)(1)(A))**

14

106.    Defendants incorporate by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

107.    Defendants deny that the Government is entitled to any of the relief requested, or to any relief against Defendants whatsoever.

108.    Defendants deny the allegations asserted against it that are contained in Paragraph 108 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 108 of the Complaint with regard to any other defendant, and on that basis deny the remaining allegations contained in this paragraph.

109.    Defendants admit that the Government made payments to it. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 109 of the Complaint with regard to any other defendant, and on that basis deny the remaining allegations contained in this paragraph. Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Denied that the claims presented by Defendants were for the provision of unreasonable, unnecessary, or unskilled therapy services, or for therapy services that did not occur as billed. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 110 of the Complaint and on that basis deny the remaining allegations contained in this paragraph.

111.    Denied.

## COUNT II

### Violation of the FCA: Use of False Statements
### (31 U.S.C. § 3729(a)(1)(B))

112.    Defendants incorporate by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

113.    Defendants deny that the Government is entitled to any of the relief requested, or to any relief against Defendants whatsoever.

114.    Defendants deny the allegations asserted against it that are contained in Paragraph 114 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 114 of the Complaint with regard to any other defendant, and on that basis deny the remaining allegations contained in this paragraph.

115.    Denied.

## COUNT III

### Unjust Enrichment

116.    Defendants incorporate by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

117.    Defendants deny the allegations asserted against it that are contained in Paragraph 117 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 117 of the Complaint with regard to any other defendant, and on that basis deny the remaining allegations contained in this paragraph.

## COUNT IV

### Payment by Mistake of Fact

118.    Defendants incorporate by reference its response to the preceding paragraphs as if fully set forth in this paragraph.

119.    Defendants deny that the Government is entitled to any of the relief requested, or to any relief against Defendants whatsoever.

120.    Defendants deny the allegations asserted against it that are contained in Paragraph 120 of the Complaint. Defendants are without sufficient knowledge to form a belief as to the

132743659v2

remaining allegations in Paragraph 120 of the Complaint with regard to any other defendant, and on that basis deny the remaining allegations contained in this paragraph.

121.    Denied.

## PRAYER FOR RELIEF

Defendants deny that the Government is entitled to any of the relief requested, or to any relief against Defendants whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses pursuant to Federal Rule of Civil Procedure 8(c). Defendants undertake the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Further, Defendants reserve the right to amend the Answer if additional affirmative defenses become apparent through the course of this action, and Defendants reserve the right to assert any and all defenses as to which it does not bear the burden of proof.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND DEFENSE

The violations alleged by Plaintiff, if any, are the result of acts or omissions committed by third persons over whom Defendants had neither control nor responsibility, and whose actions or inactions cannot be imputed to Defendants.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the United States had actual or constructive knowledge of the relevant facts and claimed statistical anomalies, trends and effects

of the reimbursement system and knowingly failed to question or audit the Defendant despite its ability to do so as demonstrated by the Plaintiff's in the Complaint or to more generally adjust the reimbursement system despite urging from other Governmental entities and knowledge of the utilization trends.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the United States failed to mitigate any alleged damages after it had knowledge of relevant facts.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of ratification.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unjust enrichment.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purportedly false statements Plaintiff relies upon are not actionable statements of fact.

## NINTH DEFENSE

Penalties and treble damages authorized under the False Claims Act so exceed any actual loss incurred by the United States as a result of any claims paid, that the Act violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and therefore is void.

## TENTH DEFENSE

The Complaint and each purported cause of action fails in whole or in part to state a claim on which relief can be granted to Plaintiff.

132743659v2

## ELEVENTH DEFENSE

The Complaint and each purported cause of action set forth therein fails to comply with Federal Rule of Civil Procedure 9(b) in that the allegations are not stated with particularity.

## TWELFTH DEFENSE

Plaintiff fails to allege the requisite intent on the part of the Defendants sufficient to state a claim pursuant to the False Claims Act, and it did not "knowingly" act in violation of the False Claims Act. Further, Defendants acted in good faith and not with any improper or illegal purpose, intent, or knowledge.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in compliance with, or authorized by, laws and regulations administered by any regulatory body or officer acting under statutory authority.

## FOURTEENTH DEFENSE

Even if true, the Complaint's allegations of Defendants' conduct were not material to the payment of any purportedly false or fraudulent claim and are insufficient to constitute a pattern of false payments across eleven facilities over almost ten years.

## FIFTEENTH DEFENSE

Any inaccurate or incorrect claim Defendants purportedly made or caused to be made were not material.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because they rely upon ambiguous provisions of the False Claims Act and other provisions of law, and the rule of lenity requires such ambiguities to be construed in Defendants' favor.  Plaintiff's claims are barred in whole or in part by the Due Process

132743659v2

Clause of the United States Constitution in part because the rules and regulations claimed to have been violated and are not in a single location, are not uniformly or consistently enforced or capable of a single interpretation. To the extent Defendant's actions are found to be in violation of the law, the law and the rules and regulations upon which the Plaintiff relies are too vague, unclear and/or contradictory to give Defendant's fair warning of the conduct prohibited.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Defendants have not made, or caused to be made, any false claims for payment.

## EIGHTEENTH DEFENSE

An award of statutory or punitive damages would violate Defendants' rights to due process, and Plaintiff's claim for damages is thus barred by the Constitution of the United States.

## NINETEENTH DEFENSE

Defendants' reading of the statutes and regulations in this case were objectively and/or subjectively reasonable and there was no rules or guidance warning away from those constructions, such that Defendants were operating based on a reasonable interpretation of law, and therefore could not have acted with the requisite scienter.

Defendants reserve the right to amend this Answer to add further affirmative defenses and allege any counterclaims when they are discovered.

WHEREFORE, Defendants requests judgment:

1.    Dismissing the Complaint with prejudice;

2.    Denying all relief requested in the Complaint;

3.      Granting Defendants any appropriate costs and fees, including but not limited to attorneys' fees as authorized by 31 U.S.C. § 3730(d)(4) or any other applicable statute; and

4.      Granting such other relief, available at law or equity, as may be just and proper.


Dated: October 28, 2022                    Respectfully submitted,


                                           _/s/ Miranda Hooker_

                                           Troutman Pepper Hamilton Sanders LLP
                                           125 High Street
                                           High Street Tower – 19th Floor
                                           Boston, MA 02110
                                           Miranda.Hooker@Troutman.com
                                           _Admitted pro hac vice_

                                           Thomas H. Cordova
                                           Troutman Pepper Hamilton Sanders LLP
                                           3000 Two Logan Square
                                           Eighteenth and Arch Streets
                                           Philadelphia, PA 19103
                                           Thomas.Cordova@Troutman.com
                                           _Admitted pro hac vice_

                                           _Counsel for Defendants Long Island Care Center, Inc. and Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation_