

# GLENN AGRE BERGMAN & FUENTES

Michael Paul Bowen
mbowen@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, New York 11201
212.970.1600

April 26, 2023

**By ECF**
The Honorable Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601
McCarthy_NYSDchambers@nysd.uscourts.gov

>   RE:   *U.S. ex rel. Integra Med. Analytics LLC v. Isaac Laufer et al.*;
>         Case No. 7:17-CIV-09424 (CS)

Dear Judge McCarthy,

This submission is made on behalf of defendant Tami Whitney pursuant to the Order governing discovery disputes (ECF 156).  Plaintiff refuses to answer Whitney's Interrogatory Nos. 2 through 9.  Its response (excerpted at Exhibit A) refers to its blanket Rule 26 disclosures and its Complaint, neither of which answers the questions.

First, the law – which applies equally to the sovereign plaintiff as to all civil litigants – disallows this kind of evasion.  *See Bujnicki v. American Paving and Excavating, Inc*., 2004 WL 1071736 at *12 (W.D.N.Y. Feb. 25, 2004) (referencing Rule 26 disclosure is insufficient); *Trueman v. New York State Canal Corp.*, 2010 WL 681341 at *3 (N.D.N.Y. Feb. 24, 2010) ("References to . . . other document production, the complaint itself, or any other documents are improper and thus unresponsive."); *see also Martinez v. City of New York*, 2018 WL 604019 at *27 (E.D.N.Y. Jan. 24, 2018) (recommending sanctioning City of New York Law Department for evading interrogatories by using boilerplate objections and referring to initial disclosures).

Second, plaintiff's refusal to answer is not justified by the work-product privilege.  Each interrogatory seeks specific information about Whitney.  We ask for the identity of (i) the employee(s) who allegedly worked with Whitney to "devise strategies" to commit the fraud

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

Hon. Judith C. McCarthy
April 26, 2023

**GLENN AGRE BERGMAN & FUENTES** ❯

alleged (Nos. 2-3) and those whom she "instructed" to keep patients close to 100 days (No. 7);

(ii) the employee(s) who stated that she "frequently challenged discharge determinations . . . and

would sometimes overrule employees who believed patients were ready to be discharged" and

whom she "chastised" or "overrode" (Nos. 4 and 6); and (iii) the patient(s) with respect to whom

Whitney overruled a discharge decision (No. 5).  The remaining two interrogatories ask what

Whitney supposedly did concerning the level of care or length of stay for each patient plaintiff

contends is the basis for its fraud claim (No. 8), and what basis it has for its charge that she

intended and instructed others to use balance tests and equipment as "pretexts for keeping

patients … longer than necessary" (No. 9).

No privileged investigatory work product or legal opinion is sought.  In answering these

questions plaintiff is not called upon to state *how* it learned the information, *what* it did to

investigate it, or *why* it credits it.  Plaintiff also argues it must await this Court's ruling as to

whether it is required to identify people the government interviewed.  But these interrogatories

are not asking for that.  The answers to Whitney's questions are hard facts alleged in the

complaint to be true.  Plaintiff cannot reasonably believe them to be true if it cannot answer these

simple questions.  And Whitney cannot prepare a defense without these answers.

Whitney, therefore, requests an order compelling plaintiff to answer Interrogatory Nos. 2

through 9, and to verify its answers under oath, which it has not yet done.

Respectfully Submitted,

*/s/ Michael Paul Bowen*

2