# EXHIBIT A

## OBJECTIONS TO DEFINITIONS

1. The Government objects to the definitions of the terms "Plaintiff," "Government," "you," and "your" on the ground that they are vague and overbroad, including because the definitions encompass "any branch of the federal government, all political subdivisions, and contractors of any branch of the federal government and Plaintiff's agents, servants, or representatives, including attorneys, consultants, and experts." In responding to the Interrogatories, the Government will construe these terms to mean the United States Attorney's Office for the Southern District of New York, and as appropriate, the Centers for Medicare and Medicaid Services ("CMS"), CMS Contractors who cover the regions in which the Facility Defendants operate, and the Office of the Inspector General of Health and Human Services.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**Interrogatory No. 1:**

Identify every communication, whether in the form of documents (e.g., email, text) or otherwise, from Whitney concerning RUG levels, discharge, and/or length of stay that you contend constituted "pressure," as that term is used in the Complaint, including in paragraphs 55 and 56.

**Response to Interrogatory No. 1:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing and reserves its right to supplement its response. The Government further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory as duplicative of Whitney's Document Requests, including Request No. 8. The Government further objects to this Interrogatory to the extent it seeks information protected by the work product doctrine, attorney client privilege, the law enforcement privilege, the investigative privilege, and the common interest doctrine.

Subject to and without waiving its general objections and the foregoing specific objections, the Government will supplement its response to this Interrogatory with the documents it produces in response to Whitney Document Request No. 8; the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations in paragraphs 55 and 56.

**Interrogatory No. 2:**

Identify "the employees of the Facilities" and "Facility management" referenced in paragraphs 57, 58, and 60 of the Complaint with whom Whitney allegedly worked to "devise strategies for convincing patients to stay longer than clinically necessary" and "sought to maximize Medicare billings . . . without regard to patients' clinical needs," and all documents to support these allegations.

**Response to Interrogatory No. 2:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing and reserves its right to supplement its response. The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations in paragraphs 57, 58, and 60.

**Interrogatory No. 3:**

For each person identified in response to Interrogatory No. 2, state the factual bases to support your contention that Whitney and these Facility employees "devise[d] strategies" concerning length of stay and RUG levels, identifying all documents and information that support your contention.

**Response to Interrogatory No. 3:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing and reserves its right to supplement its response. The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations.

**Interrogatory No. 4:**

Identify "the employees of several of the Facilities" referenced in paragraph 70 of the Complaint who you allege stated that Whitney "frequently challenged discharge determinations . . . and would sometimes overrule employees who believed patients were ready to be discharged" and all documents to support the allegations.

**Response to Interrogatory No. 4:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing and reserves its right to supplement its response. The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations in paragraph 70.

**Interrogatory No. 5:**

Identify every patient with respect to whom Whitney overruled a discharge decision.

**Response to Interrogatory No. 5 :**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, the identification of false claims and records will be the subject of expert discovery, and reserves its right to supplement its response. The Government further objects to this interrogatory as vague and ambiguous, including the terms "overruled" and "discharge decision."

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto).

**Interrogatory No. 6:**

Identify every employee you contend Whitney chastised and/or overrode (*see* paragraph 4 of the Complaint), and state your basis for that contention.

**Response to Interrogatory No. 6:**

The Government objects to this Interrogatory as premature, as investigation and discovery

in this case are ongoing and reserves its right to supplement its response. The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations.

**Interrogatory No. 7:**

Identify every employee Whitney "instructed" "on ways to keep Medicare patients as close as possible to the maximum 100 days compensable by Medicare," as you allege in paragraph 69 of the Complaint, and state your basis for that contention.

**Response to Interrogatory No. 7:**

The Government objects to this Interrogatory as premature, as investigation and discovery

in this case are ongoing and reserves its right to supplement its response. The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in Whitney's possession, custody, or control, or equally accessible to Whitney that support the Government's allegations in paragraph 69.

**Interrogatory No. 8:**

For every claim submitted to Medicare by defendants that you contend is fraudulent or false, including the nine examples in paragraph 97 of the Complaint, state what Whitney did with respect to the level of care provided to and the length of stay for each particular patient identified in each such claim.

**Response to Interrogatory No. 8:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, the identification of false claims and records will be the subject of expert discovery, and reserves its right to supplement its response. The Government further objects to this Interrogatory as calling for a legal conclusion. The Government further objects to this Interrogatory to the extent it seeks information protected by the work product doctrine, attorney-client privilege, and the common interest doctrine.

Subject to and without waiving its general objections and the foregoing specific objections, the Government refers Whitney to the allegations related to Whitney in the Complaint, and further states that "what Whitney did with respect to the level of care provided to and the length of stay for" any patient may be reflected in the patient's medical records. Medical records related to the patients identified in Paragraph 97 of the Complaint may be found at the following Bates numbers:

- Patient A: LICC -000106628 to LICC -000107166
- Patient B: LYN -000128858 to LYN -000129345
- Patient C: Sutton -000164873 to Sutton - 000165854
- Patient D: NWRT -000044494 to NWRT -000045193
- Patient E: Glen Cove -000140540 to Glen Cove -000141761
- Patient F: Momentum -000110005 to Momentum -000111756
- Patient G: Oasis -000017277 to Oasis -000019614
- Patient H: Excel -000053667 to Excel -000054740
- Patient I: Marquis -000195608 to Marquis -000197235

To the extent additional documents responsive to this Interrogatory exist, the Government will produce and/or identify such information or documents to Defendants by the close of expert discovery.

**Interrogatory No. 9:**

State the basis for your contention in paragraphs 79 through 83 of the Complaint that Whitney intended and instructed others to use the Berg Balance Scale and/or Balance Master as "pretexts for keeping patients at the Facilities longer than necessary."

**Response to Interrogatory No. 9:**

The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, and reserves its right to supplement its response. The Government further objects to this Interrogatory as duplicative of Whitney's Document Requests, including Request No. 8. The Government further objects to this Interrogatory to the extent it seeks information protected by the work product doctrine.

Subject to and without waiving its general objections and the foregoing specific objections, the Government will supplement its response to this Interrogatory with the documents it produces in response to Whitney Document Request No. 8 and incorporates by reference the documents the Government previously identified on January 20, 2023 that it quoted in the Complaint, which were documents that Defendants produced to the Government during its pre-complaint investigation; the Government further responds that it will produce non-privileged documents not already in Laufer's possession, custody, or control, or equally accessible to Laufer that support the Government's allegations in paragraphs 79 through 83 of the Complaint.

**Interrogatory No. 10:**

Describe any Wrongdoing you allege was committed by Whitney.

**Response to Interrogatory No. 10:**

The Government objects to this Interrogatory as vague and ambiguous, including the term "wrongdoing."

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by referring Whitney to the allegations related to Whitney in the Complaint.

Dated: March 13, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the Plaintiff*

By: */s/ Jacob Bergman*
JACOB M. BERGMAN
DANIELLE J. LEVINE
TARA SCHWARTZ
AMANDA LEE
MARK OSMOND
PIERRE G. ARMAND
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2800
Email: jacob.bergman@usdoj.gov
danielle.levine@usdoj.gov
tara.schwartz@usdoj.gov
amanda.lee2@usdoj.gov
mark.osmond@usdoj.gov
pierre.armand@usdoj.gov