**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>ISSAC LAUFER, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, and FOREST MANOR CARE CENTER, INC.,<br><br>      Defendants. | 17 Civ. 9424 (CS)<br><br>**PARAGON MANAGEMENT SNF LLC'S FIRST REQUEST FOR PRODUCTION TO THE UNITED STATES** |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>ISSAC LAUFER, TAMI WHITNEY, PARAGON MANAGEMENT SNF LLC, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE CENTER LLC, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, FOREST MANOR CARE CENTER, INC., SURGE REHABILITATION & NURSING LLC, and QUANTUM REHABILITATION & NURSING LLC,<br><br>      Defendants. | |

1

Defendant Paragon Management SNF LLC, by counsel and pursuant to Federal Rule of Civil Procedure 34, submits its First Request for Production to the United States. The United States shall respond to these requests in accordance with the Federal Rules of Civil Procedure, the local rules of the Southern District of New York, and the definitions and instructions below.

**INSTRUCTIONS**

1. These requests shall be deemed continuing so as to require additional responses if You acquire additional information or documents between the time the responses are served and the time of trial. Such additional responses shall be served seasonably, but not later than thirty (30) days after such further information or documents are received.

2. All documents produced in response to a request should be marked with a Bates number or other such similar numbering system. When you refer to a document produced in response to a specific discovery request, a reference to the corresponding Bates number should also be made. To the extent a Request includes subparagraphs, each subparagraph should be responded to separately.

3. In producing documents and information responsive to the following requests, You are requested to produce all documents and information in Your custody, control or possession, regardless of where such documents or information are located including documents in the custody, control or possession of your attorneys, agents, or other representatives. You are also requested to produce any document which is no longer in your immediate physical possession, but which you have a right to compel production from a third-person or which is otherwise subject to your control.

4. If any or all documents or information identified herein are no longer in Your possession, custody, or control for any reason including destruction, loss, or any other reason, then with respect to each and every such document provide the following information: (a) its present

custodian and location; (b) describe the nature of the document (e.g., letter or memorandum); (c) state the date of the document; (d) identify the persons who sent and received the original and a copy of the document; (e) state in as much detail as possible the contents of the document; and (f) state the manner and date of disposition of the document including the reason for disposal, the person authorizing the disposal and the person or persons who disposed of the document.

5.      If any of the documents or parts thereof identified herein are withheld for privilege, You shall make your claim of privilege in accordance with Local Civil Rule 26.2 and You shall state the privilege being claimed, give an explanation for Your claim of such privilege and provide the following:

> (i) a brief description of the document, including:
>
>    a. the date of the document;
>    b. the names of its author(s) or preparer(s) and identification by employment and title of each such person;
>    c. the names of each person who was sent or had access to or custody of the document, together with an identification by employment of each such person; and
>    d. describe the nature of the documents, communications or tangible things not produced or disclosed.

6.      For any other documents you identify and are withheld for any reason or claim, You shall state the following so that your claim for withholding the document may be assessed:

> (a)   the ground of nondisclosure asserted;
> (b)   a statement of facts constituting the basis for the ground of nondisclosure;
> (c)   a brief description of the document, including:

      i.    the date of the document;

      ii.    the names of its author(s) or preparer(s) and identification by employment and title of each such person;

      iii.    the names of each person who was sent or had access to or custody of the document, together with an identification by employment of each such person; and

      iv.    describe the nature of the documents, communications or tangible things not produced or disclosed.

7. Requests which cannot be complied with in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief you possess with respect to each request to which you have not completely responded.

8. If any document subject to any discovery request has been destroyed, cannot be located by you, or is no longer thought to be in existence, please so indicate and state the reason for the destruction of said document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the document in a fashion sufficient to identify and describe it.

9. If no documents exist that are responsive to a particular request, You shall include, in Your response to this Request and at the time of production, a written statement to that effect.

10. In responding this Request, You shall locate, gather and produce documents from Your files and other sources, including documents stored electronically, in such manner as to ensure that the source and location of each document may be readily determined.

11. In responding to this Request, if You locate responsive documents, including documents stored electronically, in folders or other containers, You shall produce those folders and

containers, including any labels identifying such folders or containers, together with responsive documents contained therein.

12. In responding to this Request, documents attached to each other shall not be separated unless You also identify such separation and provide records sufficient to permit the reconstruction of such grouping of documents.

13. In responding this Request, if You locate any documents that have markings on both sides, You shall produce both sides of the document.

## DEFINITIONS

1. "Action" refers to the claims pending in the United States District Court for the Southern District of New York and case styled as *U.S. ex rel. Integra Med Analytics LLC v. Laufer, et al.*, Case No. 7:17-cv-09424.

2. "Complaint" refers to the operative complaint-in-intervention filed in this Action.

3. "Copy" means original hard copy and any and all electronic and/or imaged copies.

4. "Including" means "including but not limited to."

5. "Plaintiff," "Government," "You," or "Your," refers to the United States of America, including without limitation any branch of the federal government, all political subdivisions, and contractors of any branch of the federal government and Plaintiff's agents, servants, or representatives, including attorneys, consultants, and experts. This definition expressly includes, but is not limited to, the Centers for Medicare and Medicaid Services, the Department of Justice, The Office of the Inspector General, US Government Publishing Office, and Medicare Administrative Contractors, its subsidiaries, agents, and affiliates.

6. "Relator" or "Integra" refers to the relator in this Action Integra Med Analytics LLC, its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

7. "Defendants" refers to the following defendants named in this Action and any of their respective officers, directors, employees, partners, corporate parents, subsidiaries or affiliates:

   a. Issac Laufer;

   b. Tami Whitney;

   c. Paragon Management SNF LLC;

   d. East Rockaway Center LLC d/b/a/ Lynbrook Restorative Therapy and Nursing;

   e. Excel at Woodbury for Rehabilitation and Nursing, LLC;

   f. Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation;

   g. Long Island Care Center, Inc.;

   h. Montclair Care Center, Inc. d/b/a Emerge Nursing and Rehabilitation at Glen Cove;

   i. Oasis Rehabilitation and Nursing LLC;

   j. Quantum Rehabilitation and Nursing LLC;

   k. Suffolk Restorative Therapy & Nursing LLC d/b/a Momentum at South Bay for Rehabilitation and Nursing;

   l. Surge Rehabilitation and Nursing LLC;

   m. Sutton Park Center for Nursing & Rehabilitation, LLC; and

   n. Treetops Rehabilitation & Care Center LLC d/b/a North Westchester Restorative Therapy and Nursing Center.

8. "SNF" refers to a skilled nursing facility.

9. "CMS" refers to the Centers for Medicare and Medicaid Services, as well as all its predecessors, including the Health Care Financing Administration.

10. "Lynbrook" refers to named defendant East Rockaway Center LLC d/b/a/ Lynbrook Restorative Therapy and Nursing and any of its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

11. "Excel" refers to named defendant Excel at Woodbury for Rehabilitation and Nursing, LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

12. "Glen Cove" refers to named defendant Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

13. "LICC" refers to named defendant Long Island Care Center, Inc. and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

14. "Emerge" refers to named defendant Montclair Care Center, Inc. d/b/a Emerge Nursing and Rehabilitation at Glen Cove and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

15. "Oasis" refers to named defendant Oasis Rehabilitation and Nursing LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

16. "Quantum" refers to named defendant Quantum Rehabilitation and Nursing LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

17. "Momentum" refers to named defendant Suffolk Restorative Therapy & Nursing LLC d/b/a Momentum at South Bay for Rehabilitation and Nursing and any of its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

18. "Surge" refers to named defendant Surge Rehabilitation and Nursing LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

19. "Sutton Park" refers to named defendant Sutton Park Center for Nursing & Rehabilitation, LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

20. "North Westchester" refers to named defendant Treetops Rehabilitation & Care Center LLC d/b/a North Westchester Restorative Therapy and Nursing Center and any of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

21. "Facility Defendants" refers to North Westchester, Sutton Park, Surge, Momentum, Quantum, Emerge, Oasis, Glen Cove, LICC, Lynbrook, and Excel collectively.

22. "Laufer" refers to named defendant Issac Laufer.

23. "Whitney" refers to named defendant Tami Whitney.

24. "Paragon" refers to named defendant Paragon Management SNF LLC and any of its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

25. "Ultra High" refers to the rehabilitation Resource Utilization Group level as defined by the Department of Health and Human Services' and the Center for Medicare & Medicaid Service's rules and regulations set forth in 63 Fed. Reg. 26,252.

26. "Medicare" means the Medicare program, Title XVIII of the Social Security Act, 42 U.S.C. §§1395 *et seq.,* and all regulations, rules and policies promulgated under those statutory provisions.

27. In accordance with Local Civil Rule 26.3, the following terms are defined as follows:

    a. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    b. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ.

P. 34(a)(1)(A), and any written, printed, typed, graphic, photographed, and recorded or otherwise reproduced or stored communication or representation, including, but not limited to, letters, memoranda, correspondences, and emails. This term includes whatever form and by whatever means such documents may have been created or stored, including, but not limited to: any handmade form, such as writing; any photographic form, such as microfilm, microfiche, prints, slides, negatives, or photocopies; any mechanical form, such as printing or typing; any electrical, electronic, or magnetic form, such as tape recordings, cassettes, or any information on an electronic or magnetic storage device such as floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, hard drives, or electronic notebooks; and any printout or readout from any magnetic, optical, or other electronic storage device. All documents provided in response to this Request are to include all marginalia and post-its, as well as any attachments referred to in or incorporated by the documents. All documents provided in response to this Request are to include all versions of each responsive document, including all drafts and copies of each document. A draft or non-identical copy is a separate document within the meaning of this term.

c. "Identify" or "to identify" (with respect to persons). When referring to a person, "identify" or "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone number and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name

of that person need be listed in response to subsequent discovery requesting the identification of that person.

    d. "Identify" or "to identify" (with respect to documents). When referring to documents, "identify" or "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter of the document; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

    e. "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    f. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    g. "Concerning" means relating to, referring to, describing, evidencing or constituting.

    h. "All," "any," and "each" shall each be construed as encompassing any and all.

    i. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

28. "Regarding," "pertaining to," "relating to," "related to," or "related" mean relating to, describing, evidencing, supporting, contradicting, constituting, containing, recording,

discussing, summarizing, analyzing, disclosing, or referring to in whole or in part, directly or indirectly.

29. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS

**REQUEST NO. 1:** All documents you identified or referenced or relied upon in your responses to Paragon's interrogatories to be served on you in this Action.[1]

**REQUEST NO. 2:** All documents and communications relating to, supporting, or referencing, allegations against Paragon as set forth in the Complaint including that:

   a. Paragon is "the management company through which Laufer operates";

   b. "Paragon, as ultimately directed by Laufer, exercises authority over hiring and firing decisions with respect to the administrators";

   c. "Issac Laufer is the … operator of Paragon";

   d. "all [Facility defendants] are managed through Paragon";

   e. "a Paragon employee, oversaw rehabilitation therapy for all of the Facilities.";

   f. " Laufer … operates … Facilities through Paragon";  and

"Laufer … authorized marketing employees of Paragon…to make admissions decisions on their own" or that there are "Paragon Facilities" or "Paragon Administrators."

**REQUEST NO. 3:** All documents and communications relating to, supporting, or referencing your allegations in paragraph 1 and thereafter throughout the Complaint  that Paragon "knowingly submitted, or caused to be submitted, false claims to Medicare for unreasonable, unnecessary, or unskilled therapy services….made false statements in

---

[1] As per ECF No. 145, said interrogatories to be served no later than January 31, 2023.

connection with those false claims . . . systematically and deliberately worked to keep patients in residence at the Facilities and on therapy longer than necessary or reasonable in order to maximize the amount billed …. [and] routinely put patients on higher levels of rehabilitation therapy than reasonable or necessary in order to bill Medicare".

**REQUEST NO. 4:** All documents and communications to support your allegation that Paragon utilized a balance test as a "pretext" to keep Medicare patients at Facility Defendants longer than necessary.

**REQUEST NO. 5:** All documents and communications relating to, or regarding, "Paragon", or the persons or entities referred to as "Paragon Administrators" and/or "Paragon facilities" including, but not limited to those that are referenced, quoted, or referred to in whole or in part in the Complaint.

**REQUEST NO. 6:** All documents and communications relating to or mentioning Paragon or the allegations against Paragon which were ultimately set forth in the Complaint including, but not limited to, any documents reflecting or constituting statements made by Relator, any former or current employee or agent of Paragon, or any other third party such as witness affidavits, declarations, factual summaries, deposition transcripts, reports.

**REQUEST NO. 7:** All documents and correspondence and telephone records evidencing, constituting, or relating to subpoenas, civil investigatory demands ("CIDs"), or request for meetings, discussions, or testimony issued by the Government, the Relator or any agent of the foregoing, to any Defendant, third party, and/or employees or former employees, vendors, or contractors of a Defendant in relation to any investigation as to one or more Defendants or any allegations set forth in the Complaint and all responses thereto.

**REQUEST NO. 8:** All transcripts of sworn testimony regarding or related to the Government's investigation of the issues pertaining to the Action or one or more Defendants in this Action.

**REQUEST NO. 9:** As related to all non-sworn testimony and other formal or informal interviews or conversations with persons with knowledge, or persons who were asked as to whether they had knowledge, concerning one or more Defendants and/or the allegations set forth in the Complaint, all documents and communications related thereto including, but not limited to, notes of any person present who was not a lawyer together with all recordings, transcriptions, and communications to or from the Government or from such person or any other third party relating to the same.

**REQUEST NO. 10:** All documents and communications that reflect or constitute statements made to or by Relator, any former or current employee or agent of Paragon, or any other third party regarding or relating to the claims against Paragon and defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action.

**REQUEST NO. 11:** All documents and communications regarding or related to the Government's contacts, communications, or meetings with Relator with respect to the claims against Paragon and defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action, including, without limitation, all journal and calendar entries, and other documents sufficient to show the date time, persons contacted, and subject matter of the same.

**REQUEST NO. 12:** All documents and communications regarding or related to the Government's contacts, communications, or meetings with Paragon's current or former

officers, directors, employees, representatives, or agents related to the claims against Paragon and defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action, including, without limitation, all journal and calendar entries, and other documents sufficient to show the date time, persons contacted, and subject matter of the same.

**REQUEST NO. 13:** All documents and communications that Relator, any Defendant (excluding Paragon) or any other non-Defendant third Party has provided to the Government regarding or related to the claims made against Paragon or defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action, including, but not limited to, any documents or communications related or pertaining to an investigation conducted by any third-party investigator.

**REQUEST NO. 14:** All documents and communications that Paragon's current or former officers, directors, employees, representatives, or agents have provided to the Government regarding or related to the claims against Paragon and the defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action.

**REQUEST NO. 15:** All documents and communications that any third party has provided to the Government regarding or related to the claims against Paragon and the defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action, including, but not limited to, summaries, reports, and information received from, created by, or exchanged between you and any third-party investigator.

**REQUEST NO. 16:** All documents and communications relating to or constituting any review of clinical records that has been performed related to the claims against Paragon and

defenses asserted in this Action or the Government's investigation of the issues prior to filing this, Action.

**REQUEST NO. 17:** All documents the Government provided to or received from Relator that relate to the claims against Paragon and defenses asserted in this Action or the Government's investigation of the issues pertaining to Paragon in this Action.

**REQUEST NO. 18:** Documents and Communications relating to the Jimmo Settlement Agreement (January 2013) including, without limitation, the Government's and its agents compliance with the same and the effect that wrongfully denying claims can or did have.

**REQUEST NO. 19:** Correspondence from 2007-2009 to or from and internal correspondence within CMS concerning the anticipated and/or actual benefits and detriments of changing to PPS and how it would or did modify provider behavior, improve care, or have monetary consequences as discussed in part on paragraphs 41 of the Complaint.

**REQUEST NO. 20:** For the years 2009 through 2019, all Medicare claims data for SNFs in the United States that was collected by CMS together with all analysis that CMS or HHS performed concerning distribution of Medicare rates, utilization, and trends as partially discussed in paragraph 48 of the Complaint including, but not limited to the data utilized by the Relator in making its conclusions.

**REQUEST NO. 21:** All documents concerning the benefits and detriments and reasons for a change to the PDPM model as partially discussed in paragraphs 48 and 49 of the Complaint.

**REQUEST NO. 22:** Documents sufficient to show all *qui tam* cases filed against one or more nursing homes together with whether the government intervened, and if so the resulting

settlement or disposition as partially discussed in paragraphs 104 and 105 of the Complaint.

**REQUEST NO. 23:** All documents that the Government may or intends to use at a hearing or trial in this Action.

**REQUEST NO. 24:** All documents and communications that relate to the allegations against Paragon or the defenses asserted in this Action.

**REQUEST NO. 25:** All documents on which any calculation of damages against Paragon is based.

**REQUEST NO. 26:** All press releases or written statements that the Government has provided to a newspaper or other media outlet concerning any of the facts or claims alleged against Paragon in this Action.

Dated: December 9, 2022

Respectfully,

*/s/ Aaron Lichtman*
Aaron Lichtman, Esq.
The Lichtman Law Firm
P.O. Box 370
56 Westchester Ave.
Pound Ridge, New York 10576
(914) 232-1005
lichtman@outsidetbb.com

*Counsel for Defendant Paragon Management SNF LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, Paragon Management SNF LLC's First Requests for Production to the United States, was served via electronic mail on December 9, 2022 to Counsel of record for the United States of America to:

Jacob Bergman – Jacob.Bergman@usdoj.gov
Amanda Lee – Amanda.Lee2@usdoj.gov
Danielle Levine – Danielle.Levine@usdoj.gov
Tara Schwartz – Tara.Schwartz@usdoj.gov
Mark Osmond – Mark.Osmond@usdoj.gov

*/s/ Aaron Lichtman*
**Attorney**