DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  JACOB M. BERGMAN
     DANIELLE J. LEVINE
     TARA SCHWARTZ
     AMANDA LEE
     MARK OSMOND
     PIERRE G. ARMAND
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2800
Email:  jacob.bergman@usdoj.gov
        danielle.levine@usdoj.gov
        tara.schwartz@usdoj.gov
        amanda.lee2@usdoj.gov
        mark.osmond@usdoj.gov
        pierre.armand@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>          Plaintiff-Relator,<br><br>          v.<br><br>ISSAC LAUFER, *et al.*,<br><br>          Defendants. | No. 17 Civ. 9424 (CS) (JCM) |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ISSAC LAUFER, *et al.*,<br><br>          Defendants. | |

**PLAINTIFF UNITED STATES' OBJECTIONS AND RESPONSES TO
PARAGON MANAGEMENT SNF LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff the United States of America (the "Government"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby responds and objects to Paragon Management SNF LLC's First Set of Interrogatories, which are dated February 3, 2023.

**GENERAL OBJECTIONS AND RESERVATIONS**

1. The Government objects to these Interrogatories to the extent they seek to impose obligations greater than, or different from, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules"), including but not limited to Fed. R. Civ. P. 26 and 33 and Local Civil Rules 26.2 and 26.3, and other applicable law.

2. The Government objects to the Interrogatories to the extent they call for the disclosure of information protected by: the deliberative-process privilege; the attorney-client privilege; the work-product doctrine; the law enforcement privilege; the investigative privilege; the common interest doctrine; or any other privilege or immunity from disclosure.

3. The Government objects to the Interrogatories to the extent they seek the disclosure of information not "relevant to any party's claim or defense and proportional to the needs of the case," in accordance with Fed. R. Civ. P. 26(b)(1); are unduly burdensome or oppressive, in that the burden or expense of the discovery outweighs its likely benefit; or require an unreasonable investigation on the part of the Government.

4. The Government objects to the Interrogatories to the extent they seek the disclosure of information that is publicly available to; previously provided to; otherwise within the possession, custody or control of; or equally accessible to Defendants, their agents, or their counsel.

5. The Government objects to the Interrogatories to the extent they seek the disclosure of information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), unless subject to an appropriate Court order satisfying the requirements of the Privacy Act and/or sufficiently protecting the confidential information that may be contained in responses to the Interrogatories.

6. The Interrogatories are being answered subject to the limitation that the Government's investigation and discovery in this case are ongoing. The Government expressly reserves the right to supplement, clarify, revise or correct any or all of the responses herein at any time. By making the following responses, the Government does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at trial of this action, or in any other proceedings, on any and all grounds, including but not limited to competency, relevancy, materiality, and privilege. Furthermore, the Government makes the responses herein without in any manner implying or admitting that it considers the Interrogatories, or the responses thereto, to be relevant to the subject matter of this action. Finally, the Government expressly reserves the right to object to the use of its responses to the Interrogatories in any proceeding other than the above-captioned action.

7. The Government objects to these Interrogatories to the extent they seek information duplicative of information requested in Paragon's Requests for Production.

8. The Government's general objections shall be deemed to continue throughout the responses to the specific Interrogatories that follow, even if not further referred to in such responses.

## OBJECTIONS TO DEFINITIONS

1. The Government objects to the definitions of the terms "Plaintiff," "Government," "you," and "your" on the ground that they are vague and overbroad, including because the definitions encompass "any branch of the federal government, all political subdivisions, and contractors of any branch of the federal government and Plaintiff's agents, servants, or representatives, including attorneys, consultants, and experts." In responding to the Interrogatories, the Government will construe these terms to mean the United States Attorney's Office for the Southern District of New York, and as appropriate, the Centers for Medicare and Medicaid Services ("CMS"), CMS Contractors who cover the regions in which the Defendants operate, and the Office of the Inspector General of Health and Human Services.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**Interrogatory No. 1:** Identify each person who has knowledge regarding the claims and defenses against Paragon in this Action and, for each one, (i) explain the relevant information each person holds; (ii) identify all documents exchanged between you and the person identified; (iii) identify all meetings and interviews conducted by you of the person, providing the date, time, and location of the meeting; and (iv) identify any affidavits, declarations, or other statements made by the person identified pertaining to the allegations in the Complaint filed in this Action.

**Response to Interrogatory No. 1:**

The Government objects to this Interrogatory to the extent that it seeks information not within the knowledge of the Government or within the Government's possession, custody, or control. The Government further objects to the Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks the identification of an untold number of "persons" possessing knowledge of "the claims and defenses" against Paragon Management SNF LLC ("Paragon"), without limit as to the category of such persons or their degree of involvement with or knowledge of Paragon's operations or the claims or defenses in this action. The Government further objects to this Interrogatory, which seeks information protected

by the work product doctrine, as the identities of the witnesses the Government chose to interview may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government also objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein the list of individuals in its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto), as well as the documents the Government produced in response to requests that seek communications with third-party fact witnesses, Bates-stamped LAUFER-SDNY_00002961 through LAUFER-SDNY_00002992. To the extent the Government possesses any additional non-privileged documents exchanged between the Government and such individuals, or any affidavits or declarations made by such individuals, the Government will produce such documents to Defendants by the close of fact discovery.

**Interrogatory No. 2:** Set forth, in detail, the amount of damages you assert you are entitled to from Paragon in this Action including, without limitation, (i) the specific action of Paragon that gives rise to the liability, (ii) the methodology used in your computation of damages; (iii) the patient name, facility, unique identification number, date of claim, amount of claim, and amount paid for each claim you contend was false or fraudulent under the FCA; and (iv) identify all documents relied upon to support you computation of damages.

**Response to Interrogatory No. 2:**

The Government objects to this Interrogatory on the ground that it is premature, as the identification of false claims and records, methodology to compute damages, and documents in support of the Government's damages computation will be the subject of expert discovery.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that its damages in this case will be derived from the claims that Defendants submitted or caused to be submitted to Medicare from January 2010 through September 2019 (the "Relevant Period"), for rehabilitation therapy and/or other services that were not properly covered by the Medicare Part A skilled nursing facility benefit, not reasonable and necessary, and/or not skilled in nature. The Government will determine the amount of damages it has sustained by extrapolating the results of a medical review of a statistically valid random sample of claims that Defendants submitted or caused to be submitted to Medicare. The Government will meet and confer with Defendants concerning an appropriate sample, and will disclose its expert reports in accordance with the Court's November 14, 2022, Civil Case Discovery Plan and Scheduling Order (Dkt. No. 144). Pursuant to the provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729, the amount of damages sustained is trebled. In addition, the Government will seek statutory penalties, as adjusted by applicable laws and regulations, for each instance in which Defendants submitted or caused to be submitted a false claim to the Government.

Alternatively, the Government will seek damages under its common law causes of action of unjust enrichment and payment by mistake. Damages for these causes of action consist of extrapolated single damages from the statistically valid random sample of claims submitted by Defendants, plus prejudgment interest.

As to Paragon's responsibility for submission of false claims, the Government refers Paragon to the allegations in the Complaint referencing the role of Paragon, Laufer (Paragon's owner), and Whitney (Paragon's employee) in the fraudulent scheme, including but not limited to the allegations in Paragraphs 1–5, 13–14, 51, 53–72, 75–80, 83, 89–93. The Government reserves its right to supplement its response to this Interrogatory by the close of expert discovery.

**Interrogatory No. 3:** Identify the "marketing employees of Paragon" referenced in paragraph 53 of the Complaint that Laufer allegedly authorized to make admission decisions on their own and all documents you believe support this allegation.

**Response to Interrogatory No. 3:**

The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce

non-privileged documents not already in the Paragon's possession, custody, or control, or equally accessible to the Paragon that support the Government's allegations in paragraph 53 of the Complaint.

**Interrogatory No. 4:** Identify the "former Paragon administrator" referenced in paragraph 54 of the Complaint and all documents to support the allegation that "disputes were usually resolved in the marketer's favor and the patient was admitted over the Facility's objection."

**Response to Interrogatory No. 4:**

The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all the evidence that could support an allegation. The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto); the Government further responds that it will produce non-privileged documents not already in the Paragon's possession, custody, or control, or

equally accessible to the Paragon that support the Government's allegations in paragraph 54 of the Complaint.

**Interrogatory No. 5:** Set forth: (i) the definition of the words "managed" and "operates" as used in Paragraphs 50-51 of the Complaint; (ii) each management or operational function Paragon is alleged to have performed (broken down by time period to the extent Paragon's Management roles changed) and which Paragon Employees or Principle performed each specific function during each relevant period of time; and (iii) what facts support your conclusion that Laufer "operates each of the eleven Facilities through Paragon" as alleged in Paragraph 51 of the Complaint.

**Response to Interrogatory No. 5:**

Responding to subpart (i), the Government objects to this Interrogatory because it asks the Government to define non-technical, commonly used words. Subject to the foregoing general and specific objections, the Government understands the words "manage[]" and "operate[]" to have their commonly understood meanings. For example, Merriam-Webster's definitions of the word "manage" include "to handle or direct with a degree of skill" and "to exercise executive, administrative, and supervisory direction of."[1] The definitions of the word on Dictionary.com include "to take charge or care of," "to handle, direct, govern, or control in action or use," and "to conduct business, commercial affairs, etc.; be in charge."[2] Merriam-Webster's definitions of the word "operate" include "to perform a function: exert power or influence" and "to put or keep in operation."[3] Dictionary.com defines this word, in part, as "to act effectively; produce an effect; exert force or influence" and "to bring about, effect, or produce, as by action or the exertion of force or influence."[4]

Responding to subpart (ii), the Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, and the Government reserves its right to

---

[1] https://www.merriam-webster.com/dictionary/manage (last visited Mar. 12, 2023).
[2] https://www.dictionary.com/browse/manage (last visited Mar. 12, 2023).
[3] https://www.merriam-webster.com/dictionary/operate (last visited Mar. 12, 2023).
[4] https://www.dictionary.com/browse/operate (last visited Mar. 12, 2023).

9

supplement its response.  Subject to the foregoing general and specific objections, the Government refers Paragon to the allegations in the Complaint referencing Paragon, Laufer (Paragon's owner), and Whitney (Paragon's employee), including but not limited to those in Paragraphs 13, 14, 51, 53, 54, 55, 62, 79, 89.

Responding to subpart (iii), the Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, and the Government reserves its right to supplement its response.  The Government objects to this Interrogatory to the extent that it seeks a detailed and exhaustive listing of all the evidence that could support an allegation.   Subject to the foregoing general and specific objections, the Government refers Paragon to the deposition transcript of Issac Laufer dated April 4, 2021 ("Laufer Dep."), and of Tami Whitney dated August 24, 2020 ("Whitney Dep.").  *See, e.g.*, Laufer Dep. at 32, 48–55; Whitney Dep. at 16, 18–19, 35–36, 40–41, 44–46.

**Interrogatory No. 6:** Set Forth: (i) the names of each "marketing employees" as such term is used in Paragraph 53 of the Complaint with a designation of which could make admission decisions on their own without any required consultation; (ii) for all disagreements "with a marketer's determination that a patient could be admitted," the names of all persons involved, together with day and the time, resident at issue, and name of admitting facility;

**Response to Interrogatory No. 6:**

The Government objects to this Interrogatory to the extent that it seeks information within the possession, custody or control of Paragon and not within the knowledge of the Government or within its possession, custody, or control.  The Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, and reserves its right to supplement its response.  The Government further objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of

attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1) disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto).

**Interrogatory No. 7:** Identify the "Director of Business Development for Paragon" by name, address, e-mail and time-period worked as the phrase is used in Paragraph 66 of the Complaint.

**Response to Interrogatory No. 7:**

The Government objects to this Interrogatory, which seeks information protected by the work product doctrine, as the people the Government interviewed during its investigation may reveal the legal strategy, mental impressions, or thought processes of attorneys. The Government further objects to this Interrogatory on the ground that such information is protected by the law enforcement privilege, the investigative privilege, and the common interest doctrine. The Government notes that this Interrogatory and the Government's objections are subject to an ongoing dispute, for which the Government has separately offered a compromise during the parties' meet and confers; subject to the Court's resolution of such dispute, the Government reserves its rights to update and/or supplement its responses accordingly.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds by incorporating by reference as if fully set forth herein its Rule 26(a)(1)

disclosures (including all future supplements thereto) and Defendants' Rule 26(a)(1) disclosures (including all future supplements thereto).

**Interrogatory No. 8:** Identify all rules, regulations, or statutes which you allege that Paragon or any of its principals or employees violated or caused others to violate and if it caused others to violate the same, when how and which persons from Paragon were involved.

**Response to Interrogatory No. 8:**

The Government objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed and exhaustive listing of all rules, regulations, or statutes that could support an allegation. The Government further objects to this Interrogatory to the extent it seeks information protected by the work product doctrine, and the common interest doctrine. Concerning the request to identify "when how and which persons from Paragon were involved," the Government objects to this Interrogatory to the extent that it seeks information not within the knowledge of the Government or within the Government's possession, custody, or control, and the Government objects to this Interrogatory as premature, as investigation and discovery in this case are ongoing, and reserves its right to supplement its response.

Subject to and without waiving its general objections and the foregoing specific objections, the Government directs Paragon to the rules, regulations, and/or statutes referenced in the Complaint, including those cited in Paragraphs 33 through 49 of the Complaint. Concerning the request to identify "when how and which persons from Paragon were involved," the Government refers Paragon to the allegations in the Complaint referencing Paragon, Laufer (Paragon's owner), and Whitney (a Paragon employee), including but not limited to the allegations in Paragraphs 13, 14, 51, 53, 54, 55, 62, 79, 89. The Government further responds that it is available to meet and confer with Paragon regarding the scope of this Interrogatory.

**Interrogatory No. 9:** Set forth each and every false claim Paragon or any of its principals or employees are alleged to have directly submitted.

**Response to Interrogatory No. 9:**

To the extent that this Interrogatory seeks every false claim that Paragon or any of its principals or employees are in whole or in part responsible for submitting, the Government objects to this Interrogatory as overbroad and unduly burdensome as it would require the Government to review all claims that the Defendants submitted to Medicare. The Government objects to this Interrogatory on the ground that it is premature, as the identification of false claims and records will be the subject of expert discovery. The Government further objects to this Interrogatory on the ground that it calls for the production of information protected by the work product doctrine, the common interest doctrine, the law enforcement privilege, the investigative privilege, and the attorney-client privilege.

Subject to and without waiving its general objections and the foregoing specific objections, the Government will meet and confer with the Defendants concerning an appropriate patient sample, and will disclose its expert reports in accordance with the Court's November 14, 2022, Civil Case Discovery Plan and Scheduling Order (Dkt. No. 144). As of the date of these interrogatory responses, the Government has identified the following false claims: the claims identified in Paragraphs 97(a) through 97(i) of the Complaint. Those patients' Medicare Claim Numbers are listed in Exhibit A attached to the Complaint, and the medical records and claim submissions, which list such Patient's names, can be found at the following Bates numbers:

- Patient A: LICC -000106628 to LICC -000107166
- Patient B: LYN -000128858 to LYN -000129345
- Patient C: Sutton -000164873 to Sutton - 000165854
- Patient D: NWRT -000044494 to NWRT -000045193
- Patient E: Glen Cove -000140540 to Glen Cove -000141761
- Patient F: Momentum -000110005 to Momentum -000111756
- Patient G: Oasis -000017277 to Oasis -000019614
- Patient H: Excel -000053667 to Excel -000054740
- Patient I: Marquis -000195608 to Marquis -000197235

Once the parties serve their expert reports, the Government will update these interrogatory responses accordingly. The Government reserves its right to supplement its response to this Interrogatory by the close of expert discovery.

**Interrogatory No. 10:** Identify all documents you referred to or relied on in responding to these interrogatories. Set forth the names, addresses, telephone numbers, e-mail, employer, Title of each attorney and/or investigator who interviewed any person relating to the allegations of the Complaint, without regard to whether such interview was exculpatory and/or confirmatory.

**Response to Interrogatory No. 10:**

To the extent any non-privileged documents or documents not protected by disclosure under the work product and common interest doctrines were relied on in responding to these interrogatories, such documents are identified in the responses. To the extent additional non-privileged documents responsive to this Interrogatory exist, the Government will produce and/or identify such information or documents to Defendants by the close of discovery.

Concerning this Interrogatory's request that the Government identify "each attorney and/or investigator who interviewed any person relating to the allegations of the Complaint," the Government objects on the ground that such information is protected by the law enforcement privilege and the investigative privilege.

Dated: March 13, 2023
      New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the Plaintiff*

By:    /s/ *Amanda Lee*
JACOB M. BERGMAN
DANIELLE J. LEVINE
TARA SCHWARTZ
AMANDA LEE
MARK OSMOND
PIERRE G. ARMAND
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2800
Email: jacob.bergman@usdoj.gov
       danielle.levine@usdoj.gov
       tara.schwartz@usdoj.gov
       amanda.lee2@usdoj.gov
       mark.osmond@usdoj.gov
       pierre.armand@usdoj.gov

## CERTIFICATE OF SERVICE

   I, Amanda Lee, an Assistant United States Attorney for the Southern District of New York, hereby certify that on March 13, 2023, I caused a copy of the foregoing United States of America's Responses and Objections to Paragon's First Set of Interrogatories to be served by electronic mail upon the following:

Brad Robertson: brobertson@bradley.com
Clinton Mikel: CMikel@thehlp.com
Michael Bowen: mbowen@glennagre.com
Aaron Lichtman: Alichtman@lichtmanl.com
Aaron Katz: akatz@aaronkatzlaw.com
Miranda Hooker: MHooker@goodwinlaw.com
Brendan Goodhouse: bgoodhouse@cuddyfeder.com
Abby Pendleton: APendleton@thehlp.com
Jonathan Messina: jmessina@thehlp.com
Edward Shapiro: eshapiro@glennagre.com
Jon Ferry: jferry@bradley.com
Yonah Jaffe: yjaffe@rctlegal.com
Jeremy Wells: jwells@reidcollins.com


By:  */s/ Amanda Lee*
   Amanda Lee
   Assistant United States Attorney
   86 Chambers Street, Third Floor
   New York, New York 10007
   Tel.: (212) 637-2781
   Amanda.Lee2@usdoj.gov