DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: DANIELLE J. LEVINE
    ALLISON ROVNER
    TARA SCHWARTZ
    AMANDA LEE
    MARK OSMOND
    PIERRE G. ARMAND
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2800
Email: danielle.levine@usdoj.gov
        allison.rovner@usdoj.gov
        tara.schwartz@usdoj.gov
        amanda.lee2@usdoj.gov
        mark.osmond@usdoj.gov
        pierre.armand@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC, <br><br> Plaintiff-Relator, <br><br> v. <br><br> ISSAC LAUFER, *et al.*, <br><br> Defendants. | No. 17 Civ. 9424 (CS) (JCM) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISSAC LAUFER, *et al.*, <br><br> Defendants. | |

**THE UNITED STATES OF AMERICA'S RESPONSES AND OBJECTIONS TO
DEFENDANT PARAGON MANAGEMENT SNF LLC'S
<u>SECOND REQUEST FOR PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the

Local Rules of the United States District Court for the Southern District of New York (the "Local

Civil Rules"), plaintiff the United States of America (the "United States" or the "Government"),

by its attorney, Damian Williams, United States Attorney for the Southern District of New York,

hereby objects and responds to the Second Request for Production (the "Document Requests"),

dated February 22, 2023, of defendant Paragon Management SNF LLC ("Paragon") as follows:

## <u>GENERAL OBJECTIONS</u>

A.   The Government objects to the Document Requests to the extent they purport to require

the disclosure of information beyond the scope permitted by the Federal Rules of Civil

Procedure, the Local Civil Rules, and other applicable law.

B.   The Government objects to the Document Requests to the extent they call for the

disclosure of information protected by: the deliberative-process privilege; the attorney-

client privilege; the work product doctrine; the law enforcement privilege; the

investigative privilege; the common interest doctrine; or any other privilege or immunity

from disclosure. The United States construes the Requests so as not to apply to privileged

communications by or to litigation counsel for the United States.

C.   The Government objects to the Document Requests to the extent they call for information

not relevant to a claim or defense in this litigation, are vague or ambiguous, are unduly

burdensome or oppressive to answer, and/or are not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

D.      The Government objects to the Document Requests to the extent they seek information that is publicly available to, has previously been provided to, is otherwise within the possession, custody or control of, or otherwise equally accessible to Paragon, its agents, and/or its counsel.

E.      The Document Requests are being answered subject to the limitation that investigation and discovery in this case are ongoing. The Government expressly reserves its rights to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to the Document Requests, the United States does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, the United States is providing the responses herein without in any manner implying or admitting that any of the Document Requests, or any of the responses thereto, is relevant or material to the subject matter of this action.

F.      The Government objects to the Document Requests to the extent they seek the disclosure of information subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act") or the Health Insurance, Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d-1329d-8; 42 U.S.C. § 1320d-2, and its implementing regulations, unless such production is consistent with an appropriate Court order satisfying the requirements of these statutes and sufficiently protecting confidential information (a "protective order").

3

G.      The Government's General Objections are incorporated into and continue throughout

each and every one of its responses to the specific Document Requests.

## OBJECTIONS TO DEFINITIONS

A.      The Government objects to the definitions of the terms "Government," "Plaintiff,"

"You," and "Your" to the extent they call for the disclosure of information protected by:

the deliberative-process privilege; the attorney-client privilege; the work product

doctrine; the law enforcement privilege; the investigative privilege; the common interest

doctrine; or any other privilege or immunity from disclosure. The United States construes

the Requests so as not to apply to privileged communications by or to litigation counsel

for the United States.

B.      The Government further objects to the definitions of the terms "Government," "Plaintiff,"

"You," and "Your" on the ground that they are vague and overbroad, including because

they include within the definition of the terms "without limitation any branch of the

federal government, all political subdivisions, and contractors of any branch of the

federal government and Plaintiff's agents, servants, or representatives, including

attorneys, consultants, and experts." In responding to the Document Requests, the

Government will construe these terms to mean the United States Attorney's Office for the

Southern District of New York, and as appropriate, the Centers for Medicare and

Medicaid Services ("CMS"), CMS Contractors who cover the regions in which the

Facility Defendants[1] operate, and the Department of Health and Human Services Office

of Inspector General ("HHS OIG").

---

[1] The Facility Defendants refer to Montclair Care Center, Inc., d/b/a Emerge Nursing and Rehabilitation at Glen Cove; East Rockaway Center LLC d/b/a Lynbrook Restorative Therapy and Nursing; Excel at Woodbury Rehabilitation and Nursing, LLC; Long Island Care Center,

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

### Document Request No. 1:

Documents or other materials constituting training or guidance regarding how to determine if rehabilitation therapy is reasonable, unreasonable, necessary or unnecessary, skilled or unskilled, given "in order to maximize the amount billed," and/or when it is appropriate or inappropriate to prolong patient stays at a skilled nursing facility, which were provided to or by the Office of the Inspector General's Medicare Fraud Strike Force, the Health Care Fraud Unit of the United States Department of Justice, The Federal Bureau of Investigations, Medicaid Fraud Control Units, the HHS-OIG Fraud Hotline, the CMS Medicare Learning Network, the Medicare Strike Force or CMS between 2007 through 2019.

### Response to Document Request No. 1:

The Government objects to this Request as overbroad in that it seeks information not relevant to this case, as well as seeks information that is unduly burdensome to produce and not proportional to the needs of the case, particularly because the Request seeks information from 2007 through 2019. The Government objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the common interest doctrine, the law enforcement privilege, the investigative privilege, and the attorney-client privilege, particularly in its Requests to the United States Department of Justice and the Federal Bureau of Investigation. The Government objects to this Request to the extent it seeks documents or information in the possession, custody, or control of entities other than the Government. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon. The Government further objects to this Request on the ground that the phrase "[d]ocuments or other

---

Inc.; Treetops Rehabilitation & Care Center LLC d/b/a North Westchester Restorative Therapy and Nursing Center; Sutton Park Center for Nursing & Rehabilitation, LLC; Suffolk Restorative Therapy & Nursing, LLC d/b/a Momentum at South Bay for Rehabilitation and Nursing; Oasis Rehabilitation and Nursing LLC; Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing and Rehabilitation; Surge Rehabilitation & Nursing LLC; and Quantum Rehabilitation & Nursing LLC.

materials constituting training or guidance regarding" is vague and ambiguous, and that the

Request is unclear as to the scope of topics, including the meaning of phrases such as "given 'in

order to maximize the amount billed.'"

Subject to and without waiving its general objections and the foregoing specific

objections, construing this Request as seeking documents from CMS and HHS OIG, the

Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 2:**

Guidance addressing what constituted[s] reasonable, unreasonable, necessary, or unnecessary, skilled or unskilled care, and/or when it is appropriate or inappropriate to prolong patient stays at a skilled nursing facility, given by the Government to nursing homes or members of the public concerning nursing homes between 2006 and 2019.

**Response to Document Request No. 2:**

The Government objects to this Request as duplicative of Request No. 1 and refers

Paragon to the Government's response to Request No. 1.

**Document Request No. 3:**

Documents sufficient to identify each False Claims Act, 31 U.S.C. § 3729 et seq. investigation conducted by the Government against a nursing home and/or group of nursing homes between 2007 and 2019 and whether the Government initiated action, declined to initiate action, intervened, and ultimately whether the matter settled, was tried to verdict, dismissed, or otherwise resolved.

**Response to Document Request No. 3:**

The Government objects to this Request as overbroad in that it seeks information not

relevant to this case, as well as seeks information that is unduly burdensome to produce and not

proportional to the needs of the case, particularly because the Request seeks information from

2007 through 2019, investigations that are not limited to skilled nursing facilities, and

investigations that have no relevance to the allegations in this case. The Government objects to

this Request on the ground that it calls for the production of information protected by the work

product doctrine, the common interest doctrine, the law enforcement privilege, the investigative

privilege, and the attorney-client privilege, particularly to the extent that it seeks information

about investigations that were not public and/or were/are under seal. The Government further

objects to the extent that the Request calls for the production of documents that are in the

possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, construing the Request as requesting that the Government identify public False

Claims Act cases initiated by the Department of Justice for the time period 2010 to 2019 against

skilled nursing facilities for false claims related to billing for services at RUG levels that were

not reasonable or necessary and/or prolonging patients' length of stay irrespective of medical

necessity, the Government responds that at this time, it is aware of litigation against

SavaSeniorCare (*United States ex rel. Hayward v. SavaSeniorCare, LLC, et al.*, No. 3:11-cv-

0821 (M.D. Tenn.); *United States ex rel Scott v. SavaSeniorCare Administrative Services, LLC,*

3:15-cv-0404 (M.D. Tenn.); *United States ex rel. Kukoyi v. Sava Senior Care, L.L.C., et al.*, No.

3:15-cv-1102 (M.D. Tenn.); and *United States, et al. ex rel. Thornton, et al. v. SavaSeniorCare,*

*Inc., et al.*, Civil Action No. 16-CV-0840 (E.D. Pa.)) and HCR Manorcare, Inc. (*United States ex*

*rel. Ribik v. ManorCare, Inc., et al.*, Case No. 1:09cv13-CMH-HCB (E.D. Va.); *United States ex*

*rel. Slough v. HCR ManorCare, et al.*, Case No. 1:14cv1228 (E.D. Va.); and *United States ex rel.*

*Carson v. HCR ManorCare, et al.*, Case No. 1:11cv1054 (E.D. Va.)).

**Document Request No. 4:**

Documents discussing, addressing, explaining, or setting forth how and why the Urban
Institute's 2001 study to develop refinements to the PPS system was used to implement changes
to the Medicaid reimbursement system in 2006.

**<u>Response to Document Request No. 4:</u>**

The Government objects to this Request as overbroad in that it seeks information not relevant to this case, as well as seeks information that is unduly burdensome to produce and not proportional to the needs of the case, particularly because the Request seeks information from as early as 2001 to 2006. The Government objects to this Request to the extent it seeks documents or information in the possession, custody, or control of entities other than the Government. The Government objects to this Request because Medicaid claims are not at issue in this case and rules governing reimbursement systems under Medicaid vary by state. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**<u>Document Request No. 5:</u>**

Documents dated 2001-2006 discussing, addressing, explaining, or setting forth the adequacy, flaws, benefits and/or detriments of the RUG-III model in use at the time with regard to residents who require(d) extensive services.

**<u>Response to Document Request No. 5:</u>**

The Government objects to this Request as overbroad in that it seeks information not relevant to this case, particularly because a model in use from 2001 to 2006 has no bearing on the claims or defenses in this case. The Government also objects to this Request as overbroad in that it seeks information that is unduly burdensome to produce and not proportional to the needs of the case, particularly because the Request seeks information from 2001 to 2006. The Government further objects to this Request on the ground that the phrase "residents who

require(d) extensive services" is vague and ambiguous. The Government objects to this

Request to the extent that it calls for the production of information protected by the

deliberative process privilege, including internal agency deliberations on matters of agency

policy, such as the promulgation of regulations. and the attorney-client privilege. The

Government further objects to the extent that the Request calls for the production of

documents that are in the possession, custody, or control of Paragon, or equally accessible to

Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will agree to meet and confer with Paragon

regarding the Request.

**Document Request No. 6:**

Documents discussing, addressing, explaining, or setting forth the reasons for CMS' 2006
implementation of the RUG-53 classification and/or the incorporation of nine additional case-
mix groups in the new Rehabilitation Plus Extensive Services category.

**Response to Document Request No. 6:**

The Government objects to this Request as overbroad in that it seeks information not

relevant to this case, particularly because the implementation of a model in 2006 has no bearing

on the claims or defenses in this case. The Government also objects to this Request as overbroad

in that it seeks information that is unduly burdensome to produce and not proportional to the

needs of the case, particularly because the Request seeks information from 2006 and earlier. The

Government further objects to this Request on the ground that the phrase "and/or the

incorporation of nine additional case-mix groups in the new Rehabilitation Plus Extensive

Services category" is vague and ambiguous. The Government objects to this Request to the

extent that it calls for the production of information protected by the deliberative process

privilege, including internal agency deliberations on matters of agency policy, such as the

promulgation of regulations, and the attorney-client privilege. The Government further objects to

the extent that the Request calls for the production of documents that are in the possession,

custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will agree to meet and confer with Paragon

regarding the Request.

### Document Request No. 7:

Documents discussing, addressing, explaining, or setting forth the goals, purpose, use,
methodology, results, flaws, or data utilized in the 2006-2007 CMS staff time study, referred
to as the "Staff Time and Resource Intensity Verification Project, "STRIVE" or STRIVE
Study.

### Response to Document Request No. 7:

The Government objects to this Request as overbroad in that it seeks information not

relevant to this case, particularly because a study from 2006-2007 has no bearing on the claims

or defenses in this case. The Government also objects to this Request as overbroad in that it

seeks information that is unduly burdensome to produce and not proportional to the needs of the

case, particularly because the Request seeks information from 2006 to 2007, or earlier. The

Government objects to this Request to the extent that it calls for the production of information

protected by the deliberative process privilege, including internal agency deliberations on matters

of agency policy, such as the promulgation of regulations, and the attorney-client privilege. The

Government further objects to the extent that the Request calls for the production of documents

that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will produce nonprivileged documents concerning

the STRIVE Time Study, including technical expert panel meetings, sampling methodology,

data files, and final reports.

**Document Request No. 8:**

Documents discussing, addressing, explaining, or setting forth the need to ensure that profit was higher for high acuity residents than for lower acuity residents, or that detail, discuss, or contemplate reimbursement incentives for high acuity residents and/or the desire to ensure profits increase as acuity and/or the amount of therapy increases.

**Response to Document Request No. 8:**

The Government objects to this Request as unintelligible, vague and ambiguous, as the

Request does not specify which entity documents are sought from or for what time period.

The Government further objects to this Request on the ground that the Request is unclear as to

the scope of topics, including what phrases such as "setting forth the need to ensure that profit

was higher for high acuity residents than for lower acuity residents" mean. The Government

further objects to the extent that the Request calls for the production of documents that are in

the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will agree to meet and confer with Paragon

regarding the Request.

**Document Request No. 9:**

Documents discussing, addressing, explaining, or setting forth: (i) STRIVE's use of actual direct care time to estimate administrative time; (ii) STRIVE's failure or success at quantifying the change in nursing administrative time as acuity changed; or (iii) whether or not STRIVE utilized quantification of the change in nursing administrative time in the model ultimately adopted.

**Response to Document Request No. 9:**

The Government objects to this Request as duplicative of Request 7 and refers Paragon to the Government's response to Request 7.

**Document Request No. 10:**

Documents discussing, addressing, explaining, or setting forth reasons for changes in the resident classification system that were developed using the STRIVE data, including without limitation, the addition of new RUGs, changes in the allocation of therapy minutes administered to multiple patients at once (i.e. Concurrent therapy), and modifications to the scale used to measure activities of daily living (ADLs).

**Response to Document Request No. 10:**

The Government objects to this Request as duplicative of Request 7 and refers Paragon to the Government's response to Request 7.

**Document Request No. 11:**

All drafts of the final regulations establishing the revised payment model, RUG-IV, which was published in final in August 2009 and effective 2011 together with documents discussing, addressing, or setting forth the reason(s) or justification(s) for such revision, including without limitation, what was sought to be incentivized or what conduct the change sought to curtail.

**Response to Document Request No. 11:**

The Government objects to this Request as overbroad in that it seeks information not relevant to this case, as well as seeks information that is unduly burdensome to produce and not proportional to the needs of the case, particularly because the Request seeks information from 2009 and earlier. The Government objects to this Request on the ground that it calls specifically for the production of draft regulations and such information is protected by the deliberative process privilege, which protects from disclosure internal agency deliberations on matters of agency policy, such as the promulgation of regulations. The Government further objects to the extent the Request seeks information protected by the attorney-client privilege and the work product doctrine.

Accordingly, the Government will not respond to this Request.

**Document Request No. 12:**

Documents discussing, addressing, explaining, or setting forth that "restoration potential of a patient is not the deciding factor in determining whether skilled services are needed" and/or "a patient may need skilled services to prevent further deterioration or preserve current capabilities."

**Response to Document Request No. 12:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 13:**

Documents and studies setting forth the prevalence of the use of the so called "improvement standard," or documents advocating or utilizing the "improvement standard" to determine in whole, or in part, Medicare reimbursement for rehabilitation therapy services.

**Response to Document Request No. 13:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks "[d]ocuments and studies" without regard to

whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents and studies sought. The Government further objects to this Request as duplicative of other Requests, including Request No. 18 in Paragon's First Requests for Production. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 14:**

Documents discussing, addressing, explaining, or setting forth whether and/or how or why use of the balance tests in appropriate or inappropriate in a skilled nursing facility setting and/or how to appropriately, inappropriately or therapeutically utilize a balance test.

**Response to Document Request No. 14:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the common interest doctrine, the law enforcement privilege, the investigative privilege, or the attorney-client privilege. The

Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

### Document Request No. 15:

Any guidance or directives advising that it was inappropriate, or a violation of CMS policy, rules, regulation or law to utilize a balance test and/or to limit a patient's ability to function independently.

#### Response to Document Request No 15:

The Government objects to this Request as duplicative of Request 14 and refers Paragon to the Government's response to Request 14.

### Document Request No. 16:

Documents discussing, addressing, explaining, or setting forth whether or to what extent contractors charged with adjudicating Medicare claims submitted by skilled nursing facilities ("Contractors") were accurate, inaccurate, appropriate, or inappropriate in their claims adjudication, including without limitation statistical analysis of the frequency of Contractor error.

#### Response to Document Request No. 16:

The Government objects to this Request as unintelligible, overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought and in its use of the terms "accurate, inaccurate, appropriate, or inappropriate." The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege,

and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 17:**

Documents discussing, addressing, explaining, or setting forth impediments, challenges or difficulties ensuring either Contractors or skilled nursing homes submit or adjudicate claims appropriately and/or the confusion created by the rules regulations and/or laws or the incentives they create(d).

**Response to Document Request No. 17:**

The Government objects to this Request as unintelligible, overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government further objects to this Request as duplicative of Request No. 16 above. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 18:**

Documents discussing, addressing, explaining, or setting forth whether or to what extent skilled nursing facilities generally, or any particular subgroup of skilled nursing facilities, were accurate, inaccurate, appropriate, or inappropriate in the submission of claims for reimbursement to/from Medicare, and the prevalence of upcoding, increasing length of stay beyond that which is permitted and/or the flaws or characteristics of the reimbursement system which encourage or permit errors or wrongdoing.

**Response to Document Request No. 18:**

The Government objects to this Request as unintelligible, overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought and in its use of the terms "accurate, inaccurate, appropriate, or inappropriate" and "flaws or characteristics of the reimbursement system." The Government further objects to this Request as duplicative of Request No. 17 and 18 above. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 19:**

Documents sufficient to demonstrate each version and each draft of the: (i) program manual; (ii) program transmittals; (iii) Medicare Learning Network (MLN) Matters articles; and (iv) 1-800 MEDICARE scripts released to the public and/or provided to CMS contractors engaged in

claims review for skilled nursing facilities all to the extent they discuss the provision of skilled therapy to nursing home residents, the use of the "Ultra-high" reimbursement category, length of stay of nursing home residents, submission or adjudication of Medicaid claims from or by nursing homes, and/or the appropriateness or inappropriateness of the same.

**Response to Document Request No. 19:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 20:**

Documents constituting, discussing, addressing, explaining or setting forth the results of the Government's "accountability measures" to monitor CMS contractors charged with review of skilled nursing facility submission of payment for Medicare residents, including without limitation its "review of random sample of SNF coverage decisions to determine overall trends and identify any problems" and "review of individual claims." (For assistance in identifying and defining "accountability measures", we respectfully direct the Government to its representation that it would implement "accountability measures" as part of the Jimmo v. Sebelius Settlement. The definition of "accountability measures" as used herein is intended to be the same definition that the Government utilized in its Jimmo Fact Sheet, which was and remains publicly published.)

**Response to Document Request No. 20:**

The Government objects to this Request as unintelligible, overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government further objects to this Request as duplicative of other Requests, including Request No. 18 in Paragon's First Requests for Production. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, the law-enforcement privilege, the investigative privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 21:**

Documents constituting, discussing, addressing, explaining or setting forth the results of the Center for Medicare Advocacy 2018 national survey. (For assistance in identification, the survey was conducted by the Center for Medicare Advocacy several years after the Jimmo v Sebelius Settlement and showed in part that the Government was still not complying with Jimmo, as "40% of respondents [CMS Contractors charged with assessing validity of claims] had not heard of the Jimmo Settlement and 30% of respondents were not aware that Medicare coverage does not depend on a beneficiary's potential for improvement.")

**Response to Document Request No. 21:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The

Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government further objects to this Request as duplicative of other Requests, including Request No. 18 in Paragon's First Requests for Production. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 22:**

Documents discussing, addressing, explaining, or setting forth that Medicare providers must be "patient advocates," and/or discussing the Center for Medicare Advocacy's call for providers to be "patient advocates".

**Response to Document Request No. 22:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought. The Government further objects to this Request as duplicative of other Requests, including Request No. 18 in Paragon's First Requests for Production. The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege.

The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 23:**

Documents discussing or addressing "barriers to care" faced by skilled nursing residents and/or factors that result in shortened length of stay.

**Response to Document Request No. 23:**

The Government objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks documents without regard to whether they are relevant to any claims or defenses in this litigation and without regard to time period. The Government further objects to this Request because it is vague and ambiguous as to the types of documents sought and in its use of the terms "'barriers to care' faced by skilled nursing residents and/or factors that result in shortened length of stay." The Government also objects to this Request to the extent that it calls for the production of information protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 24:**

Documents discussing, addressing, explaining, or purporting to set forth why, if, and/or the frequency in which Medicare beneficiaries and/or residents receiving rehabilitation at skilled nursing facilities leave against medical advice (AMA), and/or leave before all beneficial treatment is provided.

**Response to Document Request No. 24:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning all skilled nursing facilities and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms "against medical advice" and "beneficial treatment." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 25:**

Documents discussing, addressing, explaining, or purporting to set forth the type, category, frequency of resident and/or family complaints concerning nursing home comfort, food, staffing, problems with roommates, lack of appropriate care and/or other complaints.

**Response to Document Request No. 25:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning all nursing facilities and has no time limitation. The

Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms "family," "complaints," "comfort," "staffing," "problems with roommates," and "appropriate care." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 26:**

Documents discussing, addressing explaining, or purporting to set forth the type, category, and/or frequency of nursing home resident feelings of being abandoned, loneliness, depression or other negative feelings or effects of residents being in skilled nursing environments and/or caused by nursing home settings, care or environment.

**Response to Document Request No. 26:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning all nursing facilities and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms

"feelings of being abandoned, loneliness, depression or other negative feelings or effects." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 27:**

Documents discussing, addressing, explaining, or purporting to set forth why Medicare part A covers up to 100 days of care in a SNF and/or whether such period is or is not appropriate or should be longer or shorter.

**Response to Document Request No. 27:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the term "appropriate." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 28:**

Documents discussing, addressing, explaining, or purporting to set forth how to determine whether or not a nursing home patient requires (i) "skilled nursing care or skilled rehabilitation services (or both) on a daily basis", (ii) "services that, as a practical matter can only be provided in a skilled nursing facility on an inpatient basis", and/or (iii) care for a condition "that arose while the patient was receiving care in a skilled nursing facility".

**Response to Document Request No. 28:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms "as a practical matter." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 29:**

Documents discussing, addressing, explaining, or purporting to set forth how to determine when skilled rehabilitation is "so inherently complex that [it] can be safely and effectively performed only by, or under the supervision or, professional or technical personnel".

**Response to Document Request No. 29:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms "inherently complex," and "professional or technical personnel." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 30:**

Documents discussing, addressing, explaining, or purporting to set forth how to determine or identify when rehabilitation services are or are not to help patients recover or improve their function, or to the extent possible, restore their level of function to the level prior to the patient's most recent hospitalization.

**Response to Document Request No. 30:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The

Government further objects that the Request is vague and ambiguous, including the terms "improve," "restore," and "function" and the phrase "are or are not to help." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 31:**

Documents discussing, addressing, explaining, or quantifying the frequency of use by nursing homes of "exactly the minimum needed [minutes per week] as qualifiers" for specific RUG levels.

**Response to Document Request No. 31:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 32:**

Documents discussing, addressing, explaining, or purporting to set forth appropriate or inappropriate use of canes, wheelchairs, or assistive devices in nursing homes.

**Response to Document Request No. 32:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks documents concerning a broad topic and has no time limitation. The Government further objects to the Request on the ground that it potentially calls for the production of information protected by the work product doctrine, the deliberative process privilege, and the attorney-client privilege. The Government further objects that the Request calls for the production of documents that are not relevant to any claim or defense in this Action. The Government further objects that the Request is vague and ambiguous, including the terms "appropriate" and "inappropriate." The Government further objects to the extent that the Request calls for the production of documents that are in the possession, custody, or control of Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific objections, the Government responds that it will agree to meet and confer with Paragon regarding the Request.

**Document Request No. 33:**

CMS data (or protected access to the same) listed in the ResDAC, Research Data Assistance Center, at www.resdac.org/file-availability under the category of "any" and/or detailed at www2.ccwdata.org/web/guest/data-dictionaries, all to the extent the foregoing relates to any Medicare Beneficiaries who had a stay in a skilled nursing facility between January 2009 and October 31, 2019, whether such data relates to such resident before, during or after such stay.

**Response to Document Request No. 33:**

The Government objects to the Request as overly broad and unduly burdensome, as the Request seeks CMS claims data for all skilled nursing facilities over a 11-year period and seeks such data for a time period (2009), that is not at issue in this action. The Government further

objects to the extent that the Request calls for the production of documents that are not relevant

to any claim or defense in this Action. The Government further objects to the extent that the

Request calls for the production of documents that are in the possession, custody, or control of

Paragon, or equally accessible to Paragon. The Government further objects to the Request on the

ground that it is duplicative of prior Paragon document Requests, including Request 20.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will agree to meet and confer with Paragon

regarding the Request.

**Document Request No. 34:**

All research, studies, examinations, analysis, and/or surveys, as they relate to nursing homes and/or their residents concerning: (i) Medicare billing, Medicare fraud, Medicare reimbursement, (ii) errors in payment of Medicare claims, (iii) length of stay, (iv) Medicare utilization, (v) effect or frequency of tracking the number of Medicare days used by each patient and/or the number of discharges, (vi) curbing or encouraging discharges, (vii) maximization of Medicare reimbursement or the provision of therapy longer than or less than necessary, (viii) strategies used to prolong patient stay and/or stunting patient progress, (ix) the use, or overuse, of the "ultra-high" therapy category and/or (x) the relationship between utilization, RUG levels and/or length of stay on the one hand and outcomes and/or quality of care on the other. The foregoing Request is without regard to whether the research, studies, examinations, analysis and/or surveys were ultimately published, utilized, or made available to the public.

**Response to Document Request No. 34:**

The Government objects to the Request as overly broad and unduly burdensome, as the

Request seeks "[a]ll research, studies, examinations, analysis, and/or surveys," has no time

limitation, and is not limited to skilled nursing facilities or allegations in the complaint. The

Government further objects to this Request on the ground that it potentially calls for the

production of information protected by the work product doctrine, the law enforcement privilege,

the investigative privilege, the deliberative process privilege, and the attorney-client privilege.

The Government further objects to the extent that the Request calls for the production of

documents that are not relevant to any claim or defense in this Action. The Government further

objects that the Request is vague and ambiguous, including the terms "research, studies,

examinations, analysis, and/or surveys." The Government further objects to the extent that the

Request calls for the production of documents that are in the possession, custody, or control of

Paragon, or equally accessible to Paragon.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government responds that it will agree to meet and confer with Paragon

regarding the Request.

**Document Request No. 35:**

Any documents which mention or discuss Paragon Management, Tami Whitney, and/or Isaac
Laufer. (For clarification, this Request <u>does</u> seek documents gathered as part of the
Government's investigation from parties other than from Paragon. It does not seek documents
created by Government lawyers for their client in anticipation of litigation and/or documents
drafted by counsel to the extent the document merely contains or constitutes the mental
impressions of counsel.

**Response to Document Request No. 35:**

The Government objects to the Request as overly broad and unduly burdensome, as the

Request seeks "all documents which mention or discuss Paragon Management, Isaac Laufer,

and/or Tami Whitney," has no time, limitation, and is not limited to the allegations in the

Complaint. The Government further objects to this Request on the ground that it potentially calls

for the production of information protected by the work product doctrine, the common interest

doctrine, the law enforcement privilege, the investigative privilege, and the attorney-client

privilege. The Government further objects to the extent that the Request calls for the production

of documents that are not relevant to any claim or defense in this Action. The Government

further objects to the extent that the Request calls for the production of documents that are in the

possession, custody, or control of Paragon, or equally accessible to Paragon. The Government

further objects to the Request on the ground that it is duplicative of other Requests, including

Request Nos. 5, 6, and 24 in Paragon's First Requests for Production.

Subject to and without waiving its general objections and the foregoing specific

objections, the Government construes the Request to seek all documents in SDNY's possession

concerning Paragon, Laufer, and/or Whitney related to the Government's allegations in the

complaint, and responds that on March 27, 2023, the Government identified (1) the non-

privileged factual documents that the Government used to draft the complaint; and (2) any other

non-privileged documents that the Government identified as potentially relevant to its claims

prior to filing the complaint—subject to the parties' agreement that such disclosure would not

constitute a waiver of attorney work-product or other privileges.

Dated:  March 31, 2023
      New York, New York

                           DAMIAN WILLIAMS
                           United States Attorney for the
                           Southern District of New York
                           *Attorney for the Plaintiff*

                 By:     */s/ Mark Osmond*
                           DANIELLE J. LEVINE
                           ALLISON ROVNER
                           TARA SCHWARTZ
                           AMANDA LEE
                           MARK OSMOND
                           PIERRE G. ARMAND
                           Assistant United States Attorneys
                           86 Chambers Street, Third Floor
                           New York, New York 10007
                           Tel.:  (212) 637-2800
                           Email: danielle.levine@usdoj.gov
                                  allison.rovner@usdoj.gov
                                  tara.schwartz@usdoj.gov
                                  amanda.lee2@usdoj.gov
                                  mark.osmond@usdoj.gov
                                  pierre.armand@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Osmond, an Assistant United States Attorney for the Southern District of New York, hereby certify that on March 31, 2023, I caused a copy of the foregoing United States of America's Responses and Objections to Defendant Paragon Management SNF LLC's Second Request for Production to be served by electronic mail upon the following:

Brad Robertson: brobertson@bradley.com
Clinton Mikel: CMikel@thehlp.com
Michael Bowen: mbowen@glennagre.com
Aaron Lichtman: Alichtman@lichtmanl.com
Aaron Katz: akatz@aaronkatzlaw.com
Miranda Hooker: MHooker@goodwinlaw.com
Brendan Goodhouse: bgoodhouse@cuddyfeder.com
Abby Pendleton: APendleton@thehlp.com
David Thomas: dthomas@rytescompany.com
Jonathan Messina: jmessina@thehlp.com
Edward Shapiro: eshapiro@glennagre.com
Jon Ferry: jferry@bradley.com
Phillip Jason Collins: jcollins@rctlegal.com
Yonah Jaffe: yjaffe@rctlegal.com
Jeremy Wells: jwells@reidcollins.com

By:      */s/ Mark Osmond*
         Mark Osmond
         Assistant United States Attorney
         86 Chambers Street, Third Floor
         New York, New York 10007
         Tel.: (212) 637-2713
         mark.osmond@usdoj.gov