**Brad Robertson**
brobertson@bradley.com
205.521.8188 direct



April 26, 2023

<u>**Via ECF**</u> **[Courtesy Copy Via Federal Express]**

The Honorable Judith C. McCarthy
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

    **Re: Discovery Issues – Failure to Provide Individual Interrogatory Responses**
    *U.S. ex rel. Integra Med Analytics LLC. v. Issac Laufer, et al.*, **No. 7:17 Civ. 9424–CS**

Dear Judge McCarthy:

  The Facility Defendants respectfully submit this letter in accordance with the Court's Discovery Dispute Order (Dkt. 156) because the Government refuses to provide individualized interrogatory responses for each Facility Defendant.

  The Government chose to sue eleven individual Facility Defendants. Each one is entitled to serve its own set of interrogatories. During the January 25, 2023, status conference, the Government expressed concerns about receiving separate, similar requests for each Facility Defendant. Jan. 25, 2023 Transcript at 42. The Facility Defendants explained that they were concerned about receiving a universal, undifferentiated response if they did not serve separate requests. *Id.* at 43. This Court was empathetic to those concerns stating, "You [the Government] have to be able to parse out the allegations that you have against each of them." *Id.* at 44–45.

  In light of the Government's concerns, the Facility Defendants served an omnibus set of interrogatories with the understanding that the Government would provide individualized responses. To be sure, the instructions explicitly asked for the Government to respond individually for each of the Facility Defendants.[1] The United States' Responses[2] ignore these instructions.

---

[1] The relevant excerpt of the Facility Defendants' Omnibus First Set of Interrogatories is attached as **Exhibit A**.
[2] The Plaintiff United States' Objections and Responses to Facility Defendants' Omnibus First Set of Interrogatories ("Responses") is attached as **Exhibit B**.

4868-0559-2146.1

Bradley Arant Boult Cummings LLP | One Federal Place | 1819 Fifth Avenue North | Birmingham, AL 35203-2119 | 205.521.8000 | bradley.com

After exchanging correspondence[3] (Exh. C.1 at 1, Exh. C.2 at 1, Exh. C.3 at 1–2) and holding a telephonic meet and confer (Exh. C.4 at 1 and Exh. C.5 at 1), the Government continues to be unwilling to amend its Responses. The Government's position is that—based on its theory of a centralized scheme—providing individualized interrogatory responses is superfluous because all information that supports its allegations, whether related to a specific facility or not, is relevant to all facilities. The Government further asserts that it has no obligation to individually parse out information to support allegations as to each specific Facility Defendant.

The Government's position ignores its obligation to proffer evidence as to each defendant individually to prove its claims and stymies each Facility Defendant's ability to understand what evidence the Government believes supports the claims. This is perhaps most apparent with regard to interrogatories 4 and 6, which seek information about the basis for the contention that each Facility Defendant acted knowingly and specific false statements made by each facility, respectively. Exh. B at 8, 10. The Responses merely direct the Facility Defendants as a group to certain paragraphs of the Complaint, ignoring that the Facility Defendants are separate legal entities and statements or knowledge of one facility are not imputed to all of them. *See U.S. v. Bornstein*, 423 U.S. 303, 312 (1976) ("The [FCA] . . . penalizes a person for his own acts, not for the acts of someone else."); *Nat. Res. Def. Council, Inc. v. Cnty. of Los Angeles*, No. CV081467AHMPLAX, 2009 WL 10672602, at *3 (C.D. Cal. Mar. 2, 2009) (concluding that "as separate legal entities, . . . each defendant is entitled to a [interrogatory] response directed solely toward it"); *Jackson v AFSCME Local 196*, CIV 3:07CV0471, 2008 WL 4479672, at *2 (D. Conn. Sept. 29, 2008) (ordering interrogatory responses to address "each of the defendants").

The Court should order the Government to provide individualized interrogatory responses.

---

[3] The parties' conferral letters and correspondence are attached as Composite **Exhibit C**.

Sincerely,

*/s/ J. Bradley Robertson*
BRADLEY ARANT BOULT CUMMINGS LLP
Jack W. Selden
J. Bradley Robertson
1819 Fifth Avenue South
Birmingham, AL 35203
Phone: 205.521.8000
Fax: 205.521.8800

Jonathan H. Ferry
Lyndsay E. Medlin
Truist Center
214 North Tryon Street, Ste 3700
Charlotte, NC 28202
Phone: 704.338.6000
Fax: 704.332.8858

*Counsel for Defendants Excel at Woodbury for Rehabilitation and Nursing LLC; East Rockaway Center LLC d/b/a Lynbrook Restorative Therapy and Nursing; Oasis Rehabilitation and Nursing LLC; Suffolk Restorative Therapy & Nursing LLC d/b/a Momentum at South Bay for Rehabilitation and Nursing; Treetops Rehabilitation & Care Center LLC d/b/a North Westchester Restorative Therapy and Nursing Center; Quantum Rehabilitation and Nursing LLC; and Surge Rehabilitation and Nursing LLC*


*/s/ Miranda Hooker*
Miranda Hooker, Esq. (admitted pro hac vice)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02110
(617) 570-1334
MHooker@goodwinlaw.com

*Counsel for Defendants Long Island Care Center, Inc. and Forest Manor Care Center, Inc.*

*/s/ Abby Pendleton*
The Health Law Partners, P.C. d/b/a
The Dresevic, Iwrey, Kalmowitz &
Pendleton Law Group
Abby Pendleton
Clinton Mikel
Jonathan C. Messina
15 West 38th Street, 4th Floor, Ste. 735
New York, NY 10018
Phone: 516.492.3390
Fax: 516.492.3389
Email: apendleton@thehlp.com

*Counsel for Defendant*
*Sutton Park Center for Nursing & Rehabilitation, LLC*


*/s/ Brendan M. Goodhouse*
Brendan M. Goodhouse
Seth Maxwell Pavsner
Cuddy & Feder LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Phone: 914-761-1300
Fax: 914-761-5372
BGoodhouse@cuddyfeder.com
SPavsner@cuddyfeder.com

*Counsel for Defendant Montclair Care Center Inc.*