UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ISSAC LAUFER, TAMI WHITNEY, PARAGON MANAGEMENT SNF LLC, MONTCLAIR CARE CENTER, INC., EAST ROCKAWAY CENTER LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, LONG ISLAND CARE CENTER INC., TREETOPS REHABILITATION & CARE CENTER LLC, SUTTON PARK CENTER FOR NURSING & REHABILITATION, LLC, SUFFOLK RESTORATIVE THERAPY & NURSING, LLC, OASIS REHABILITATION AND NURSING, LLC, FOREST MANOR CARE CENTER, INC., SURGE REHABILITATION & NURSING LLC, and QUANTUM REHABILITATION & NURSING LLC,<br><br>        Defendants. | Case No. 17 Civ. 9424 (CS) |

**DEFENDANT TAMI WHITNEY'S OBJECTION TO THE
DISCOVERY ORDER DENYING HER MOTION TO COMPEL
ANSWERS TO HER INTERROGATORIES SERVED ON PLAINTIFF**

                  **GLENN AGRE BERGMAN & FUENTES LLP**

                  Michael Paul Bowen (mbowen@glennagre.com)
                  Edward E. Shapiro (eshapiro@glennagre.com)
                  Avelino A. Garcia (agarcia@glennagre.com)
                  1185 Avenue of the Americas, 22nd Floor
                  New York, New York 10036
                  Tel: (212) 970-1600

                  *Attorneys for Defendant Tami Whitney*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

DISCOVERY ORDER ................................................................................................................... 2

STANDARD OF REVIEW ............................................................................................................ 4

OBJECTION AND ARGUMENT .................................................................................................. 4

CONCLUSION ................................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bujnicki v. American Paving and Excavating, Inc.*,
   2004 WL 1071736 (W.D.N.Y. Feb. 25, 2004) ............................................................................ 6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*,
   2020 WL 6290584 (S.D.N.Y. Oct. 27, 2020) ........................................................................ 4, 7

*In re Marsh & McLennan Companies, Inc. Securities Litigation*,
   2008 WL 2941215 (S.D.N.Y., July 30, 2008) .......................................................................... 5

*J.P. Morgan Chase & Co*,
   2013 WL 1896934 (S.D.N.Y. May 7, 2013) ............................................................................. 5

*Martinez v. City of New York*,
   2018 WL 604019 (E.D.N.Y. Jan. 24, 2018) ............................................................................. 7

*Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*,
   278 F.R.D. 335 (S.D.N.Y. 2011) .............................................................................................. 5

*Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem.*,
   924 F. Supp. 2d 508 (S.D.N.Y. 2013) ...................................................................................... 4

*Trueman v. New York State Canal Corp.*,
   2010 WL 681341 (N.D.N.Y. Feb. 24, 2010) ............................................................................ 7

Statutes

28 U.S.C. § 636(b)(1)(A) ................................................................................................................ 4

Rules

Fed. R. Civ. P. 1 ............................................................................................................................. 6

Fed. R. Civ. P. 72(a) ...................................................................................................................... 4

Defendant Tami Whitney hereby objects to so much of the May 5, 2023 written discovery order of Magistrate Judge Judith C. McCarthy (the "Order," Ex. A) that denied her letter motion (ECF No. 172) to compel answers to her interrogatories served on plaintiff.

**PRELIMINARY STATEMENT**

In the Order, the Magistrate Judge erroneously held that, were plaintiff to answer eight of Whitney's interrogatories truthfully, those answers would divulge privileged work product, and on that reasoning denied Whitney's motion to compel. That ruling is clearly erroneous and contrary to law, which requires an order setting it aside and compelling answers to the interrogatories.

The interrogatories at issue ask plaintiff – the United States – to provide specific information to back up certain assertions in its Complaint in this False Claims Act case. Plaintiff made concrete allegations that unnamed "employees" of the defendant skilled nursing facilities stated that Whitney overruled their discharge decisions and directed them to extend the length of stay of patients and provide heightened therapeutic care regardless of medical reasonableness or necessity – which is the very heart of plaintiff's claims against her in this case. Those allegations, moreover, were cited by this Court in denying defendants' motions to dismiss for lack of particularity. *See* ECF 9/26/2022 Minute Entry re 9/23/2022 Bench Ruling, dismissing, *inter alia*, Whitney MTD [ECF No. 111]. Where a civil plaintiff has made allegations in a pleading that some undisclosed witness or other source has stated alleged facts on which the complaint is based, the identity of that witness/source is not privileged work product. Because that information is clearly relevant, clearly not privileged, and thus clearly valid discovery, it was clear error to deny Whitney's motion to compel.

Plaintiff, moreover, has already identified some 152 witnesses by name in its Rule 26 disclosures and the Magistrate Judge ordered it to identify by name each witness it interviewed

1

before filing its Complaint and each person who is in any way referenced in the Complaint. Whitney's interrogatories merely ask that plaintiff also specify by name which of these witnesses made each of the specific accusations in the Complaint about her and that plaintiff identify by name the specific patients whose treatment was supposedly affected by Whitney's alleged conduct described in the Complaint. None of this information is attorney work product. It is information that would have to be presented at trial and that, by any measure of fairness, must be disclosed to Whitney during discovery so she has a fair opportunity to assess and investigate the source(s) of this evidence before trial. This discovery is thus critical to her defense.

Moreover, during oral argument on this motion, plaintiff alleged that at present it can identify only two witnesses it would call at trial: defendants Whitney and Issac Laufer. Ex. B (May 3, 2023 Tr. 5:8-12). Neither is an "employee" of the defendant facilities and neither made the statements about Whitney alleged in the Complaint. Thus, given this representation to the Court, the truth is the government cannot identify the name of a single "employee" (or any other potential witness) as the source of its accusations in the Complaint concerning Whitney overruling anyone or directing anyone to do anything, nor can it identify a single patient whose discharge was "overruled" by Whitney. That answer is vital to her defense. Plaintiff should say so plainly in a sworn answer to her valid interrogatories, as required by law.

## DISCOVERY ORDER

The interrogatories at issue pose narrowly tailored questions about specific allegations plaintiff makes in its Complaint about Whitney:

> **INTERROGATORY NO. 2:** Identify "the employees of the Facilities" and "Facility management" referenced in paragraphs 57, 58, and 60 of the Complaint with whom Whitney allegedly worked to "devise strategies for convincing patients to stay longer than clinically necessary" and "sought to maximize Medicare billings . . . without regard to patients' clinical needs," and all documents to support these allegations.

**INTERROGATORY NO. 3:** For each person identified in response to Interrogatory No. 2, state the factual bases to support your contention that Whitney and these Facility employees "devise[d] strategies" concerning length of stay and RUG levels, identifying all documents and information that support your contention.

**INTERROGATORY NO. 4:** Identify "the employees of several of the Facilities" referenced in paragraph 70 of the Complaint who you allege stated that Whitney "frequently challenged discharge determinations . . . and would sometimes overrule employees who believed patients were ready to be discharged" and all documents to support the allegations.

**INTERROGATORY NO. 5:** Identify every patient with respect to whom Whitney overruled a discharge decision.

**INTERROGATORY NO. 6:** Identify every employee you contend Whitney chastised and/or overrode (*see* paragraph 4 of the Complaint), and state your basis for that contention.

**INTERROGATORY NO. 7:** Identify every employee Whitney "instructed" "on ways to keep Medicare patients as close as possible to the maximum 100 days compensable by Medicare," as you allege in paragraph 69 of the Complaint, and state your basis for that contention.

**INTERROGATORY NO. 8:** For every claim submitted to Medicare by defendants that you contend is fraudulent or false, including the nine examples in paragraph 97 of the Complaint, state what Whitney did with respect to the level of care provided to and the length of stay for each particular patient identified in each such claim.

**INTERROGATORY NO. 9:** State the basis for your contention in paragraphs 79 through 83 of the Complaint that Whitney intended and instructed others to use the Berg Balance Scale and/or Balance Master as "pretexts for keeping patients at the Facilities longer than necessary."

Ex. C (copy of attachment to ECF No. 172).

In its response to these interrogatories, plaintiff responded by merely referring Whitney to the Complaint and to its Rule 26 disclosures, neither of which answers the questions. Plaintiff also interposed a slew of objections, including work product privilege. *Id.*

The Magistrate Judge held oral argument on this motion at a discovery conference on May 3, 2023 and ruled from the bench. That ruling was followed by the court's Order in a

3

written docket entry on May 5, 2023, which stated, "Defendant Tami Whitney's request for further information responsive to Interrogatories No. 2-9 (Docket No. 172) is denied. However, the Government is directed to verify [its] interrogatories." Ex. A (ECF, May 5, 2023 Docket Entry). In the bench decision underlying the Order, the Magistrate Judge ruled that "to provide the names of who gave the information at this point is really going [to] the government's work product here and it is protected." Ex. B (May 3, 2023 Tr. 26:18-20). The Court cited *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2020 WL 6290584 (S.D.N.Y. Oct. 27, 2020), which does not involve any analysis of work product or other privilege. The Magistrate Judge also opined that she did "not believe the government has to match all the documents to each allegation in the complaint which it appears is what Whitney seeks through her interrogatories." *Id.* (May 3, 2023 Tr. 26:13-18).

## STANDARD OF REVIEW

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [related to discovery] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A ruling is "clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed," and it is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013).

## OBJECTION AND ARGUMENT

The Order erroneously denied Whitney's motion to compel on grounds of work product privilege. This Court has repeatedly held that disclosing identities of undisclosed witnesses otherwise referenced in a complaint does not implicate such privilege. Where, as here, "a party

4

has attempted to satisfy … pleading requirements … by showcasing statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are on grounds of work product." *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 341 (S.D.N.Y. 2011) (Englemayer, J.); s*ee also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co*, 2013 WL 1896934, at *1 (S.D.N.Y. May 7, 2013) (Francis, USMJ) ("[T]he majority view, especially more recently, is that 'the names of the persons identified in the [complaint] as confidential informants are not entitled to any work product protection.") (citing cases).

The decision in *In re Marsh & McLennan Companies, Inc. Securities Litigation*, 2008 WL 2941215 (S.D.N.Y., July 30, 2008) (Kram, J.), is instructive on this point. In that case, the court compelled disclosure of the identities of witnesses referenced in the complaint because the plaintiffs conceded they had to eventually identify them, their disclosure of a list of all witnesses in connection with its Rule 26(a)(1) disclosures meant there was "actually little confidentiality at stake," and the defendants should not be required to exhaust all of their allotted depositions in an attempt to fully identify such witnesses. *Id*. at *3-4. The circumstances are materially identical here. Plaintiff must eventually identify these witnesses and has already been ordered to disclose a list of all witnesses referenced in the Complaint (*see* ECF No. 178 as modified by the Order), eliminating any conceivable confidentiality issue. Without direct answers to her interrogatories, Whitney is unable to get this information without deposing every witness identified by plaintiff, which is unnecessarily burdensome and wasteful. It is the exact kind of hide-the-ball gamesmanship the rules disallow. *See* Fed. R. Civ. P. 1 (rules are to be applied to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Here, Whitney merely seeks the identity of (i) the employee(s) who stated that she "frequently challenged discharge determinations . . . and would sometimes overrule employees

5

who believed patients were ready to be discharged" and whom she "chastised" or "overrode" (Interrog. Nos. 4 and 6); (ii) the employee(s) who allegedly worked with Whitney to "devise strategies" to commit the fraud alleged (Nos. 2-3) and those whom she supposedly "instructed" to keep patients close to 100 days (No. 7); and (iii) the patient(s) with respect to whom Whitney overruled a discharge decision (No. 5). The remaining two interrogatories ask what Whitney supposedly did concerning the level of care or length of stay for each patient plaintiff contends is the basis for its fraud claim (No. 8), and what basis it has for its charge that she intended and instructed others to use balance tests and equipment as "pretexts for keeping patients . . . longer than necessary" (No. 9).

No privileged investigatory work product or legal opinion is sought. In answering these questions plaintiff is not called upon to state how it learned the information, what it did to investigate it, or why it credits it. Plaintiff is not required to identify people the government singled out for interviews or the witnesses or confidential sources (if any) who contacted plaintiff. The answers to Whitney's questions are hard facts alleged in the Complaint to be true.

The facts of this case thus fall squarely within the established law in this District set forth in the cases cited above. Neither plaintiff nor the Magistrate Judge cited any contrary authority.

There is no question the law applies equally to the sovereign as plaintiff as it does to all civil litigants, and this plaintiff, like all civil parties, is not permitted to provide evasive interrogatory responses. Simply referring to the complaint or to initial disclosures, as plaintiff did here, is not a sufficient response to an interrogatory. *See Bujnicki v. American Paving and Excavating, Inc.*, 2004 WL 1071736 at *12 (W.D.N.Y. Feb. 25, 2004) (referencing Rule 26 disclosure is insufficient); *Trueman v. New York State Canal Corp.*, 2010 WL 681341 at *3 (N.D.N.Y. Feb. 24, 2010) ("Reference to . . . other document production, the complaint itself, or any other documents are improper and thus unresponsive."); *see also Martinez v. City of New*

6

*York*, 2018 WL 604019 at *27-32 (E.D.N.Y. Jan. 24, 2018) (recommending sanctioning City of New York Law Department for evading interrogatories by using boilerplate objections and referring to initial disclosures). In the Order, the Magistrate Judge thus committed plain error in ruling that plaintiff does not have "to do any more" in response to Whitney's interrogatories. Ex. B (May 3, 2023 Tr. 26:12).

Lastly, the decision in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2020 WL 6290584 (S.D.N.Y. Oct. 27, 2020) – cited in the ruling underlying the Order – is inapposite. In that case, the court was asked to resolve a dispute involving interrogatories seeking "all factual bases and Documents" for "each Customer or potential Customer" that plaintiff lost. *Id.* at *4. That court held those interrogatories were "overly broad and unduly burdensome." *Id.* It also ruled that it is "entirely appropriate for [the defendant] to seek and for [the plaintiff] to provide this information as to 'certain principal or material' customers," and directed the parties to meet/confer to narrow the scope of the interrogatories accordingly. *Id.* at *4-5. Here, Whitney seeks the particular names of particular witnesses who plaintiff alleges made particular statements about her that are the core of plaintiff's case against her. Whitney does not ask plaintiff to identify "all factual bases" for its allegations nor did she use anything like the sweeping language at issue in *Keurig*. Thus, the outcome in *Keurig* requires enforcement of Whitney's motion, not denial, as the Magistrate Judge erroneously held.

7

## CONCLUSION

For the foregoing reasons, the Order denying Whitney's motion to compel should be set aside and her motion should be granted in its entirety, and movant respectfully requests that the Court grant such other relief as the Court deems proper.

Dated: New York, New York
May 19, 2023

Respectfully submitted,

**GLENN AGRE BERGMAN & FUENTES LLP**

By: ___/s/ Michael Paul Bowen___
Michael Paul Bowen (mbowen@glennagre.com)
Edward E. Shapiro (eshapiro@glennagre.com)
Avelino A. Garcia (agarcia@glennagre.com)
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 970-1600

*Attorneys for Defendant Tami Whitney*