UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
UNITED STATES OF AMERICA *ex rel*. INTEGRA
MED ANALYTICS LLC,

                                        Plaintiff,                                    **ORDER**

                        - against -                                          No. 17-CV-9424 (CS) (JCM)

ISSAC LAUFER, *et al.*,

                                        Defendants.
--------------------------------------------------------------------x

Seibel, J.

        Before the Court are Defendant Tami Whitney's objections, (ECF No. 179), to

Magistrate Judge Judith C. McCarthy's May 3, 2023 oral order, (ECF No. 191 at 26; *see* Minute

Entry dated May 3, 2023), denying her motion to compel the Government to respond to

interrogatories, (ECF No. 172).  Familiarity with the proceedings before Judge McCarthy is

presumed.

        Federal Rule of Civil Procedure 72(a) provides that a district court must "modify or set

aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly

erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  A

magistrate judge's ruling on a motion to compel discovery is nondispositive.  *Bulgari v. Bulgari*,

No. 22-CV-5072, 2023 WL 3936673, at *1 (S.D.N.Y. June 9, 2023); *Toussie v. Allstate Ins. Co.*,

No. 15-CV-5235, 2019 WL 2082462, at *3 (E.D.N.Y. May 13, 2019).  "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed."  *United*

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A ruling is "contrary to law" if the

magistrate judge "failed to apply or misapplied relevant statutes, case law or rules of procedure."

1

*Garcia v. Benjamin Grp. Enter. Inc*., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (cleaned up). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up). This "highly deferential" standard "imposes a heavy burden on the objecting party." *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018).

With respect to interrogatories 2-4, 6-7 and 9, Defendant was essentially asking the Government to match up specific allegations in complaint with the witnesses and documents it will use to prove each allegation. Such information is not ordinarily required, *see Linde v. Arab Bank, PLC*, No. 04-CV-2799, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012), and in this case it would reveal attorney work product: the Government's trial strategy (how it intends to prove its case) and counsel's thought process (which evidence the lawyers think supports particular allegations). By asking which witnesses support which allegations, the requests seem to be a back-door way of seeking the content of employee-witness interviews, which Judge McCarthy – in a ruling to which Defendants have not objected – found to be protected work product. (ECF No. 178 at 12-14.) She correctly concluded that the privilege was not overcome where she had already ordered the Government to identify the employee-witnesses who were mentioned in the Complaint (as well as other employee-witnesses the Government interviewed before filing the Complaint). (ECF No. 178 at 13); *see Sentry Ins. v. Brand Mgmt. Inc.*, No. 10-CV-347, 2012 WL 3288178, at *9 (E.D.N.Y. Aug. 10, 2012). Defendant has not shown that Judge McCarthy – who "is well acquainted with the entire course of discovery in this case," *Ehret v. New York City Dep't of Soc. Servs.*, 102 F.R.D. 90, 92 (E.D.N.Y. 1984) – abused her discretion in concluding

that the Government had provided enough detail and that Defendant could get more through depositions.  (*See* ECF No. 191 at 26.)

Defendant cites cases in which plaintiffs were required to identify confidential witnesses described in complaints, (*see* ECF No. 179 at 4-5), but as every such case recognized, whether such disclosure is required is a matter of debate, *see Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc*., 278 F.R.D. 335, 342 (S.D.N.Y. 2011) ("case law is not unitary as to the application of the work product doctrine to motions to compel the names of a witness referenced but not named in a complaint"); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09-CV-3701, 2013 WL 1896934, at *1 (S.D.N.Y. May 7, 2013) (noting "some disagreement within this district as to whether the identities of confidential informants referenced in the complaint are privileged"); *In re Marsh & McLennan Companies, Inc. Sec. Litig*., No. 04-CV-8144, 2008 WL 2941215, at *3 (S.D.N.Y. July 30, 2008) ("district courts that have addressed the issue have therefore reached varying, and frequently fact-specific, outcomes").  In such circumstances a magistrate judge cannot be said to have erred.  *See Aurora Loan Servs. v. Posner*, 499 F. Supp. 2d 475, 477-78 (S.D.N.Y. 2007) (magistrate judge's ruling not "clearly erroneous" where there were cases going both ways).

Moreover, in *Plumbers & Pipefitters* the plaintiff had identified particular witnesses as confidential informants by number, described their backgrounds and qualifications, and quoted and paraphrased them in detail.  *See* 278 F.R.D. at 337-39.  While *Fort Worth* and *Marsh & McLennan* do not provide as much particularity as to how the confidential witnesses were utilized in the complaints, it appears they also were highlighted more specifically than in this case, where statements of unspecified employees are referenced in only five of 121 paragraphs in the Complaint, (ECF No. 13 ¶¶ 70, 73-74, 86, 88).  *See Fort Worth*, 2013 WL 1896934, at *1

3

(fifteen paragraphs of complaint relied on individuals identified as confidential informants); *Marsh & McLennan*, 2008 WL 2941215, at *1 (complaint relied on seventeen individuals identified as confidential witnesses). It is thus fair to say there, but not here, that the witnesses were "showcas[ed]," *Plumbers & Pipefitters*, 278 F.R.D. at 341, and therefore should be specifically identified. Further, in those cases the names were required to narrow down the confidential witnesses out of a much larger group. *See id.* at 341-42 (confidential informants referenced in complaint were 11 of 83 witnesses identified in initial disclosures); *Fort Worth*, 2013 WL 1896934, at *1 (unspecified number of confidential informants referenced in complaint were among 44 witnesses identified in initial disclosures); *Marsh & McLennan*, 2008 WL 2941215, at *3-4 (confidential witnesses were 17 of 362 witnesses identified in initial disclosures). Here Defendant already has the names of the fifteen employee-witnesses who are referenced in the Complaint. The cases cited by Defendant support Judge McCarthy's ruling that Government had to identify the fifteen, but do not on the facts here mandate that the Government line up the witnesses' statements with particular allegations.

As to interrogatories 5 and 8, to extent they seek to know if a witness said that Defendant overruled a particular patient discharge, they are seeking the content of witness interviews. To the extent they otherwise seek identification of patients whose discharges were overruled, they appear to be premature, as they seek information the Government will not have until expert reports are produced. If, as Defendant seems to suspect, the Government will not have evidence that she was responsible for any particular overstay of a patient – in other words, that it may have evidence that she encouraged overstays generally, and it may have statistical evidence of overstays, but it cannot connect the former to the latter – whether that is a fatal problem can be raised at summary judgment or trial.

4

For the above-stated reasons, Defendant's objections are overruled and Magistrate Judge McCarthy's May 3, 2023 decision on the motion to compel responses to interrogatories is AFFIRMED.

**SO ORDERED.**

Dated: June 27, 2023
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.