# HERSCHMANN BENSON BOWEN LLP

MICHAEL PAUL BOWEN
DIRECT DIAL: (917) 341-4611
MBOWEN@HBB-FIRM.COM

305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
(212) 226-4226

NEW YORK
NEW JERSEY
TEXAS

May 4, 2026

**Via ECF [Courtesy Copy Via Federal Express]**

The Honorable Judith C. McCarthy
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

> **Re: Medical Record Discovery Issues**
> ***United States of America ex rel. Integra Med Analytics LLC. v. Issac Laufer, et al.*, No. 7:17 Civ. 9424–CS**

Dear Judge McCarthy:

In its April 29, 2026 letter (ECF 231) concerning its discovery demand for 382 patient records, plaintiff ignores the fact that it had previously demanded – and defendants have produced at great cost and burden – the medical records of 989 patients.  Plaintiff asserts it is entitled to a second sampling of patient records *because* defendants refused to waive their right to challenge the government's first, much larger, sample.  Pl. Ltr. at 5.  Plaintiff has no right to impose a second sample to penalize defendants' refusal.  In addition, its demand is unduly burdensome and would entail many months of delay.  Defendants' objection should be sustained on both grounds.

## A.  First Sample and Defendants' Burden Objections

In June 2018, the government served the defendant Facilities with civil investigative demands for the production of all medical records for every patient for whom any of the facilities had ever submitted a claim to a government payor.  That demand required defendants to produce comprehensive medical files for just about all of their patients since most had Medicare or Medicaid, and, between January 1, 2010, and June 8, 2018, that would require the production of

*tens of thousands* of patient records.  Defendants objected.  After six months of negotiation, on December 13, 2018, the government narrowed its demand to 989 patients it selected as a sampling. Despite the immense burden and cost this imposed on defendants and subject to their burden objection, they nonetheless complied, making rolling productions over three months, and later supplemental productions through as late as 2021 – two years later.

The production of this sample was enormously expensive and time consuming.  Given the age of the records, many existed only in paper or in a combination of paper and electronic records. The paper records are in storage boxes in various locations including offsite warehouses and facility basements. Searching for and finding such records required personnel to look through individual boxes at multiple locations. Once located, paper documents had to be organized and scanned for production.  These details of defendants' burden and cost were discussed with the government during the parties' prior negotiations.

**B.  Second Sample Demand and Defendants' Objections**

The genesis of the government's current demand for another sample occurred in 2023, just before this case was stayed for two years.  During a court-ordered meet/confer in March 2023, the government refused to disclose any details about its proposed sampling, saying only that its methodology and even the size of the proposed sample were not yet "available."  *See* Ex. 1, hereto. Just thirty days before the original end-date for discovery in 2023, the government demanded a new sample of 1,441 patients. Defendants objected at the time that such a demand for a second sample is improper, and again cited undue burden.  In a June 13, 2023 email, defendants reminded the government that defendants' production of the 989 patient files previously demanded by the government amounts to some 250,000 pages of records that had to be painstakingly located and compiled from various storage facilities, consuming 800 hours of personnel time at great expense

2

and took several months.  The government stated it would use the previous 989-patient sample but only if defendants agreed to waive any objection to its sampling methodology.  *See* Pl. Ltr. at 5.

After the two-year stay, the government reiterated its request that defendants waive any objection to the validity of 989-patient sample, and defendants, again, refused.  The government then unilaterally reduced its demand from nearly 1,500 down to 382 patients – what it now calls its "compromise."  Defendants reinstated their prior objections to this demand for a second sample.

During the parties' April 23, 2026 conference, defendants cited the immense burden and delay created by the first sample and told the government, based on that experience, producing these 382 patient records – many of which date back to 2010 and 2011 – would require defendants to hire personnel to conduct the search and would likely take four to six months to complete.  In those talks, the government was unable to justify its demand for a second sample and could (or would) not state why it cannot (or will not) rest on its 989-patient sample, which defendants produced at great cost years ago.

### C.  Argument

Defendants object on two grounds.  First, plaintiff's demand is an improper attempt to coerce defendants to waive their right to object to the sampling methodology used to create the first sample of 989 patients.  Defendants still do not know what methodology was used (plaintiff refused to disclose it); and they cannot reasonably waive their rights to challenge the validity and reliability of this sample, especially before all the relevant facts are known, including the exchange of the parties' respective expert statistical analyses.  Because plaintiff expressly conditioned its demand for the 382-patient records on defendants' refusal to waive their right to challenge the 989-patient sample, it is improperly using this demand to penalize – and therefore unconstitutionally burden – defendants' exercise of their due process rights to challenge the

3

evidence proffered against them.  *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (recognizing constitutional right to challenge evidence in a meaningful manner even in a civil case).  *See also United States v. Anthem, Inc.*, 2026 WL 456597, at *3 (S.D.N.Y. Feb. 18, 2026) (cited by plaintiff, at 3-4) (noting defendant may challenge and the "Court does not decide in this opinion whether the sample requested is statistically valid or sufficient to establish liability").

Even apart from improper coercion, because plaintiff has no reason it cannot use the first sample, it cannot meet its burden of showing this second demand is not merely a fishing expedition. *See United States ex rel. CKD Project, LLC v. Fresenius Med. Care AG & Co. KGAA*, 333 F.R.D. 25, 26-27 (E.D.N.Y. 2019) (citing cases and denying expanded nationwide discovery as a "fishing expedition"); *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 904-905 (S.D. Ind. 2018) (same).  Plaintiff cites no precedent allowing the government to demand multiple samples in an FCA case – because there is none.

Second, this repetitive sampling request is unduly burdensome and disproportionate to the needs of the case given that defendants already produced – at great expense – a larger sample previously demanded by the government.  Plaintiff used this first sample as the basis to file suit against and to make settlement demands on defendants and it nowhere makes any showing that it cannot use this same sample for its case.  There is no question such duplicative discovery – requiring a do-over sampling – is disallowed, especially where the original (and larger) sample is already available to the government.  Fed. R. Civ. P. 26(b)(2)(C)(i) (prohibiting "unreasonably cumulative or duplicative" discovery).  For the same reason, this second demand also fails the proportionality standard.  *See generally Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality focuses on the marginal utility of the discovery sought.").  The burden of this do-over discovery is thus not "reasonably proportional to

4

the value of the requested information, the needs of the case, and the parties' resources." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013).

None of the cases plaintiff cites support its demand. The *Anthem* case did not involve a second, repetitive demand to sample patient records, but rather only one such demand. *Anthem, Inc.*, *supra*, 2026 WL 456597, at *1-3 (analyzing the defendant's objection on the ground that the medical records demand was made too late in the case). The other case it cites, *Sec. & Exch. Comm'n v. Rayat*, No. 21-cv-4777, 2022 WL 1423300, at *1-3 (S.D.N.Y. May 5, 2022), is even more off point. *Id.* (allowing SEC discovery over objection that it knew about and could have, but did not, obtain the demanded records in earlier investigation). In neither case was there a previous burdensome production of a sample of the very same records during a pre-complaint investigation. Plaintiff cites no authority – because there is none – for such a clearly improper discovery demand.

Lastly, plaintiff ventures (at 3) that it needs more records to refute defendant's anticipated use of other patient records. But the records defendants intend to introduce, and have referenced in initial disclosures, are from the very 989 patient sample that the government already has. And, its complaint (at 2) that it has not yet sampled records from two defendants (Surge and Quantum) is a different issue – one which the government has not yet separately discussed with defendants. That can be corrected without re-sampling all the Facilities.

There is simply no justification for allowing a do-over sampling to penalize defendants for exercising their due process rights, especially given that plaintiff failed to show this is not a fishing expedition and the immense burden and delay it will needlessly and unfairly impose on defendants.

Respectfully submitted,

HERSCHMANN BENSON BOWEN LLP

By: */s/ Michael Paul Bowen*
Michael Paul Bowen
Eric D. Herschmann
Daniel R. Benson
Andrew R. Kurland
305 Broadway, 7th Floor
New York, New York 10007
Phone: 212.226.4226

BRADLEY ARANT BOULT CUMMINGS LLP

Jack W. Selden
J. Bradley Robertson
1819 Fifth Avenue South
Birmingham, AL 35203
Phone: 205.521.8000
Fax: 205.521.8800

Jonathan H. Ferry
Lyndsay E. Medlin
Truist Center
214 North Tryon Street, Ste 3700
Charlotte, NC 28202
Phone: 704.338.6000
Fax: 704.332.8858

*Counsel for Defendants Excel at Woodbury for Rehabilitation and Nursing LLC; East Rockaway Center LLC d/b/a Lynbrook Restorative Therapy and Nursing; Oasis Rehabilitation and Nursing LLC; Suffolk Restorative Therapy & Nursing LLC d/b/a Momentum at South Bay for Rehabilitation and Nursing; Treetops Rehabilitation & Care Center LLC d/b/a North Westchester Restorative Therapy and Nursing Center; Quantum Rehabilitation and Nursing LLC; Surge Rehabilitation and Nursing LLC; Long Island Care Center, Inc.; Forest Manor Care Center, Inc.; Sutton Park Center for Nursing & Rehabilitation, LLC; and Montclair Care Center Inc.*