# HERSCHMANN BENSON BOWEN LLP

305 **BROADWAY, 7ᵀᴴ FLOOR**
**NEW YORK, NEW YORK 10007**
**(212) 226-4226**

**MICHAEL PAUL BOWEN**
**DIRECT DIAL: (917) 341-4611**
**MBOWEN@HBB-FIRM.COM**

**NEW YORK**
**NEW JERSEY**
**TEXAS**

**Via ECF**                                                                    May 14, 2026

Hon. Judith C. McCarthy
United States District Court
300 Quarropas Street
White Plains, NY 10601

  **Re:  *U.S. ex rel. Integra Med. v. Laufer*, No. 7:17 Civ. 9424–CS**

Dear Judge McCarthy,

Defendants move to quash plaintiff's subpoena, dated April 24, 2026 and served upon the New York State Department of Health (the "Subpoena," copy attached as Exhibit A) on the grounds that the Subpoena "requires disclosure of privileged or other protected matter" and "subjects a person to undue burden" in that it seeks voluminous yet irrelevant information.  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  *See Estate of Ungar v. Palestinian Auth.*, 322 Fed. Appx. 643, 645 (2d Cir. 2009) (party has standing where third-party subpoena seeks materials over which that party asserts a privacy right, interest, or privilege).  The parties met and conferred on Monday regarding this Subpoena to no avail.

First, the Subpoena is overbroad because it seeks information outside the relevant period of 2010 to 2019.  The Subpoena demands documentation through the present – a sixteen-year period. Ex. A at 5, 8-9.  It is also overbroad in that it seeks patently irrelevant documents, including, for example, information concerning defendants' ownership structure, finances, and projections. *Id.* at Topics 1-6.  Those materials have no probative value as to the claims the government is asserting, which have nothing to do with projections but rather the submission of Medicare claims. These materials are therefore outside the scope of permissible discovery pursuant to Rule 26.

Second, Topics 7 and 8 of the Subpoena call for privileged information insofar as they seek information concerning unsubstantiated complaints about defendant Facilities and related state

investigations that were closed without action.  Ex. A at 9.   Under New York law, such materials

are confidential and protected.  Sections 230(10)(a)(v) and 230(11)(a) of the New York Public

Health Law provide that reporting of misconduct "shall remain confidential and shall not be

admitted into evidence in any administrative or judicial proceeding" and that "files … relating to

the investigation of possible instances of professional misconduct shall be confidential and not

subject to disclosure."

On these clear grounds, the Subpoena is improper and must be quashed.  Alternatively, the

Court should issue a protective order limiting the temporal scope of the Subpoena and excising the

topics that either are not relevant or seek statutorily protected information.  Fed. R. Civ. P. 26(c)(1).

Defendants request leave to file a formal motion to quash with notice and full briefing to

the extent it would be helpful for the Court.

Respectfully submitted,

HERSCHMANN BENSON BOWEN LLP

By: */s/ Michael Paul Bowen*
Michael Paul Bowen
Eric D. Herschmann
Daniel R. Benson
Andrew R. Kurland
305 Broadway, 7th Floor
New York, New York 10007
Phone: 212.226.4226

BRADLEY ARANT BOULT CUMMINGS LLP

Jack W. Selden
J. Bradley Robertson
1819 Fifth Avenue South
Birmingham, AL 35203
Phone: 205.521.8000
Fax: 205.521.8800

Jonathan H. Ferry
Lyndsay E. Medlin
Truist Center
214 North Tryon Street, Ste 3700
Charlotte, NC 28202
Phone: 704.338.6000
Fax: 704.332.8858

*Counsel for Defendants*

3