# HERSCHMANN BENSON BOWEN LLP

MICHAEL PAUL BOWEN
DIRECT DIAL: (917) 341-4611
MBOWEN@HBB-FIRM.COM

305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
(212) 226-4226

NEW YORK
NEW JERSEY
TEXAS

**Via ECF**                                                            May 28, 2026

Hon. Judith C. McCarthy
United States District Court
300 Quarropas Street
White Plains, NY 10601

**Re:  *U.S. ex rel. Integra Med. v. Laufer*, No. 7:17 Civ. 9424–CS**

Dear Judge McCarthy,

This submission is pursuant to the Court's May 20, 2026 docket-entry Order.

Defendants withdraw and do not rely on their citation to Public Health Law § 230.  The applicable section, which governs DOH complaints concerning defendants' SNF facilities (*i.e.*, "residential health care facilities"), is Section 2803-d, which provides that such complaints and related investigations "shall be confidential" and "shall be exempt from disclosure" with certain exceptions not applicable here.  Pub. Health L. § 2803-d(6)(e)-(f); *see Miller v. NYS Dep't of Health*, 91 A.D.2d 975, 975-76 (2d Dep't 1983) (holding DOH complaints and investigation materials are "exempt from disclosure" under FOIL and Section 2803-d).  That statutory confidentiality interest provides defendants with standing to object to this Subpoena.

A party has standing to seek to quash a third-party subpoena – including on relevance and burden grounds and regardless of whether or not the subpoenaed party objects – so long as the moving party has a real interest in the materials sought such as a confidentiality or privacy interest. *E.g.*, *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (party with "'real interest' in documents sought by a subpoena has standing to raise objections to their production"); *Reserve Sols., Inc. v. Vernaglia*, No. 05 Civ. 8622 VM RLE, 2006 WL 1788299, at *1 (S.D.N.Y. June 26, 2006) (party claiming "personal privacy right" has standing to object that "subpoena is overly broad"); *Carey v. Berisford Metals*

*Corp.*, No. 90 Civ. 1045 (JMC), 1991 WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991) (restricting scope of subpoena challenged on privacy grounds as "not limited to relevant evidence").  *See also Langford* and *Universitas Educ.*, cited by plaintiff (acknowledging that party with a privilege, privacy, or proprietary interest has standing to object to subpoena on relevance grounds). Additionally, the Court has inherent authority to narrow the Subpoena by protective order, regardless of standing.  *See, e.g., Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 294 (E.D.N.Y. 2024) (regardless of standing, court "may nevertheless exercise its inherent authority to limit irrelevant or non-proportional discovery"); *Hughes v. Hartford Life & Auto Accident Ins. Co.*, 507 F. Supp. 3d 384, 405-06 (D. Conn. 2020) (limiting subpoena where information was "more conveniently obtained from" the party).

The existing protective order affords protection, but it does not obviate the need to quash or limit the Subpoena so that plaintiff obtains from DOH only relevant information from the relevant period.  Contrary to plaintiff's argument, defendants' position does not depend on the adoption of a parallel federal "privilege" based on Section 2803-d.  Defendants invoke that statute as a basis for standing.  They seek to preclude on both relevance and burden grounds only the confidential and other requested materials that are irrelevant, not to bar disclosure as privileged.

Plaintiff does not even try to justify the sixteen-year sweep of the Subpoena.  Nor does it address defendants' overbreadth and relevance objections concerning its demand for ownership information (Req. No. 3), operating and partnership agreements (No. 4), and all communications concerning the CON applications (No. 6).  Similarly, there is no legitimate basis to ask, as plaintiff does, for any and all DOH "audits," "investigations," and "complaints" about the Facilities regardless of subject matter or timeframe (Nos. 7 and 8).  Those sweeping requests are textbook examples of a fishing expedition, which is not allowed under FRCP 26.

Respectfully submitted,

HERSCHMANN BENSON                    BRADLEY ARANT BOULT
BOWEN LLP                           CUMMINGS LLP

By: */s/ Michael Paul Bowen*
Michael Paul Bowen                  Jack W. Selden
Eric D. Herschmann                  J. Bradley Robertson
Daniel R. Benson                    1819 Fifth Avenue South
Andrew R. Kurland                   Birmingham, AL 35203
305 Broadway, 7th Floor             Phone: 205.521.8000
New York, New York 10007            Fax: 205.521.8800
Phone: 212.226.4226

                                    Jonathan H. Ferry
                                    Lyndsay E. Medlin
                                    Truist Center
                                    214 North Tryon Street, Ste 3700
*Counsel for Defendants*            Charlotte, NC 28202
                                    Phone: 704.338.6000
Cc: Counsel of Record               Fax: 704.332.8858

3