

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 3, 2026

**By ECF**
Hon. Judith C. McCarthy
300 Quarropas Street
White Plains, NY 10601-4150

> Re: *U.S.* ex rel. *Integra Med Analytics LLC v. Isaac Laufer et al.*,
> No. 17 Civ. 9424 (CS) (JCM)

Dear Chief Magistrate Judge McCarthy:

Defendants' reply concedes they have no legitimate privilege claim. Their original motion invoked New York Public Health Law § 230. But after the Government pointed out that § 230 governs individual physician licensees, not residential health care facilities, Defendants withdrew that argument and disclaimed any "parallel federal 'privilege.'" Dkt. 235 at 1-2; Dkt. 241 at 1-2. Defendants now invoke § 2803-d, but only "as a basis for standing." Dkt. 241 at 2. That theory fails. Section 2803-d confers no cognizable federal interest in the requested documents, and any generalized confidentiality interest in those documents is outweighed by their probative value.

Section 2803-d does not establish a personal privacy interest in the New York Department of Health ("DOH") complaint and investigation files—the only category to which it even arguably applies. The statute is a New York reporting regime for suspected abuse, neglect, or mistreatment of patients in residential health care facilities. Its confidentiality provision merely exempts responsive records from disclosure "under article six of the public officers law" (i.e., New York's Freedom of Information Law ("FOIL"))—a critical qualifier Defendants neglected to mention. N.Y. Pub. Health Law § 2803-d(6)(e). A state-law FOIL exemption is not the kind of personal "privilege or right" that confers Rule 45 standing. *Silverstone Holding Grp., LLC v. Zhongtie*

*Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023). Defendants' sole case, *Miller v. NYS Department of Health*, 91 A.D.2d 975 (2d Dep't 1983), is not to the contrary: it merely upheld an agency's denial of a FOIL request based on § 2803-d.

Any generalized confidentiality interest in the requested records is outweighed by the documents' probative value. *Silverstone*, 650 F. Supp. 3d at 203 (court must weigh "the relevance or probative value of the documents being sought against the privacy interests" asserted). The ownership-disclosure schedules, operating agreements, and partnership agreements bear on control of the facility defendants and on whether decisions about therapy levels were made for clinical or financial reasons—a central scienter issue. The Certificate of Need ("CON") application files (the regulatory filings through which Defendants sought DOH authority to operate the Facilities) and related communications are likely to reflect Defendants' projected therapy-utilization levels, staffing models, and Medicare-revenue assumptions; those projections can be compared to Defendants' actual billing practices to show motive and falsity. And the DOH audits, investigations, and complaints concerning the Facilities may reveal regulatory findings about excessive therapy or improper billing—bearing directly on Defendants' notice and scienter. Any residual sensitivity concerns are addressed by the existing protective order, which Defendants concede "affords protection." Dkt. 241 at 2.

Finally, Defendants' suggestion that the "relevant period" ends in 2019 has already been rejected by this Court. The Court has instead adopted the Government's position that the discovery period extends through June 30, 2021—about a month after the Government's complaint-in-intervention was unsealed—because post-complaint documents can be probative of intent and knowledge during the liability period. *See* Tr. of Mar. 30, 2026 Conf. at 36–44. Consistent with that ruling, the Government is willing to limit the Subpoena's end date to June 30, 2021.

For these reasons, and those in Dkt. 237, the motion should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff*

By:      */s/ Jeremy M. Liss*
ALLISON M. ROVNER
JEREMY M. LISS
JENNIFER JUDE
MARK OSMOND
PIERRE G. ARMAND
TARA SCHWARTZ
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:   (212) 637-2691
Email: allison.rovner@usdoj.gov
        jeremy.liss@usdoj.gov
        jennifer.jude@usdoj.gov
        mark.osmond@usdoj.gov
        pierre.armand@usdoj.gov
        tara.schwartz@usdoj.gov

cc: Counsel of Record