UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA, *ex rel.*
INTEGRA MED ANALYTICS, LLC,

               Plaintiff,

      -against-                           **ORDER**

                                             17 Civ. 9424 (CS)(JCM)

ISSAC LAUFER, *et al.*,

               Defendants.

-------------------------------------------------------X

      Presently before the Court is Defendants' motion to quash the subpoena Plaintiff served

on the New York State Department of Health ("DOH"). (Docket No. 235). Plaintiff opposed the

request and represented that DOH "has no objection to the subpoena and plans to comply."

(Docket No. 237). At the direction of the Court, Defendants replied to Plaintiff's opposition,

explaining that they objected to the subpoena "on both relevance and burden grounds" to the

extent that it seeks "confidential and other requested materials that are irrelevant." (Docket No.

241 at 2).[1] Further, Defendants asserted that they have standing to object to the subpoena on the

basis of the "statutory confidentiality interest" conveyed by New York Public Health Law

("PHL") § 2803-d. (*Id.* at 1). In response, Plaintiff argued that PHL § 2803-d is inapplicable and

the information sought is relevant. (Docket No. 243). However, Plaintiff agreed to limit the

scope of the subpoena to exclude records collected after June 30, 2021. (*Id.* at 2).

      PHL § 2803-d(e) provides, in relevant part, that applicable complaints and investigations

"shall be confidential and shall be exempt from disclosure under article six of the public officers

---

[1] Defendants withdrew the prior argument that the subpoena should be quashed pursuant to privilege conveyed by New York Public Health Law § 230. (Docket No. 241 at 1).

law." Article Six of the New York Public Officers Law ("POL") is also known as the Freedom of Information Law ("FOIL"). *See* POL § 85. PHL § 2803-d does not apply here because "New York's FOIL creates no statutory 'privilege' from discovery in a civil action." *Bianchi v. Green*, Civ. No. 1:18-CV-619 (GLS/DJS), 2018 WL 10667434, at *2 (N.D.N.Y. Oct. 4, 2018) (quoting *Grossman v. Schwarz*, 125 F.R.D. 376, 380 (S.D.N.Y. 1989)); *see also Adams v. Buffalo Pub. Schs.*, No. 13CV435A, 2014 WL 3882182, at *6 (W.D.N.Y. Aug. 7, 2014) (finding that the movants were incorrect to "presume that FOIL creates a statutory privilege (or series of privileges) against disclosure in a federal action"). Therefore, Defendants do not have standing to quash the subpoena. *See Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right"); *see also Soley v. Wasserman*, No. 08 Civ. 9262 (KMW)(FM), 2012 WL 10973451, at *1 (S.D.N.Y. Feb. 10, 2012).

Moreover, assuming, *arguendo*, that Defendants have standing, their arguments relating to relevancy and burdensomeness fail. First, "[c]ourts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." *Malibu Media, LLC v. Doe*, 15-cv-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016). Second, Defendants maintain that these records are not relevant. "The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003). Here, Plaintiff argues that the information sought by the subpoena will demonstrate "whether decisions about therapy levels were made for clinical or financial reasons." (Docket No. 243 at 2). At this stage of litigation, the relevancy inquiry "is broadly construed." *Brennan v. Mylan Inc.*, Case # 6:22-mc-06015, 2023 WL

- 2 -

2445344, at *2 (W.D.N.Y. Mar. 10, 2023).  Thus, Plaintiff has sufficiently demonstrated the relevancy of the information sought.

Accordingly, Defendants' motion to quash the subpoena served on DOH is denied, except that the scope of the subpoena is narrowed to exclude records collected after June 30, 2021.

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 235).

Dated: June 8, 2026
White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

- 3 -