**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC,

Plaintiff-Relator,

v.

ISSAC LAUFER, *et al.*,

Defendants.

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISSAC LAUFER, *et al.*,

Defendants.

**ORDER**

No. 17 Civ. 9424 (CS) (JCM)

WHEREAS, Federal Rule of Civil Procedure 30(a)(2)(A)(i) requires a party to obtain leave of Court if, absent a stipulation, the deposition would result in more than 10 depositions being taken under Rule 30 or Rule 31 by the plaintiffs, or by the defendants;

WHEREAS, Rule 30(a)(2) provides that the Court must grant leave to the extent consistent with Rule 26(b)(1) and (2);

WHEREAS, this action involves 14 defendants, including 11 skilled nursing facilities (the "Facility Defendants");

WHEREAS, the conduct alleged in the United States' complaint-in-intervention spans from 2010 through September 2019; and

WHEREAS, for purposes of this Order, "Plaintiffs" means the United States and Relator Integra Med Analytics LLC, collectively, and "Defendants" means all defendants in this action, collectively;

IT IS HEREBY ORDERED as follows:

1. **Number of Depositions.** Plaintiffs and Defendants may each take a total of up to 50 depositions per side. These limits apply to Plaintiffs and to Defendants as groups, not to each individual party. Plaintiffs and Defendants shall each coordinate among themselves on how to allocate their 50 depositions.

2. **Party and Non-Party Witnesses.** The limits in Paragraph 1 cover depositions of both party and non-party witnesses, except for the exclusions provided for in Paragraph 3 below. This includes depositions of federal agencies and of Medicare contractors whose attendance is compelled by subpoena under Rule 45. *See* Fed. R. Civ. P. 30(a)(2)(A)(i).

3. **Exclusions.** The following depositions do not count against the limits set in Paragraph 1:

    a. depositions of any expert witness disclosed under Rule 26(a)(2); and

    b. depositions taken by agreement solely to authenticate documents or records.

4. **Duration.** Consistent with Rule 30(d)(1), each deposition is limited to one day of seven hours of examination, unless the parties stipulate, or the Court orders otherwise. Where more than one Defendant, or more than one Plaintiff, wishes to examine the same witness, those parties share the seven hours and shall agree among themselves in advance on how to divide the time. Where either Plaintiffs or Defendants cross-notice a deposition, the parties shall meet and confer in good faith about how to allocate time between sides. If the parties cannot agree, each side shall be limited to 4 hours of testimony from the cross-noticed deponent, for a total of 8 hours of testimony.

5. **Rule 30(b)(6) Depositions.**

   a. Each Rule 30(b)(6) deposition notice counts as one deposition against the limit of Plaintiffs or Defendants, whichever serves the notice, no matter how many designees the organization produces. A notice served by any Plaintiff counts against Plaintiffs' limit, and a notice served by any Defendant counts against Defendants' limit.

   b. Where an organization designates more than one person, the seven-hour limit in Paragraph 4 applies to the organization's testimony in total, across all designees.

   c. A Rule 30(b)(6) notice that names more than one Facility Defendant, more than one federal agency or component, or more than one Medicare contractor is not counted as a single deposition. *See* Fed. R. Civ. P. 30(b)(6). Rather, it counts as one deposition for each Facility Defendant, federal agency or component, or Medicare contractor that is named.

6. **Reservation of Rights.** Any party may seek leave of Court to take additional depositions for good cause. Nothing in this Order waives any party's objection to any particular deposition.

Dated: 11-6-2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
Chief U.S. Magistrate Judge